No. 20,895.

DONALD ALTOBELLA *v.* THE DISTRICT COURT OF JEFFERSON COUNTY.
(385 P. [2d] 663)

Decided September 3, 1963.

Messrs. Bellinger, Faricy & Tursi, for petitioner.

Mr. Robert K. Willison, Deputy District Attorney for Jefferson County, for respondent.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

This is an original proceeding in which the petitioner, Altobella, alleges that he was named defendant in an information filed in the Jefferson county district court, in which he was accused of the crimes of burglary, larceny and receiving stolen goods. In said action he was admitted to bail in the amount of $4,000.00. He further alleges the following:

5.

"That petitioner had retained counsel who did make appearance and then withdrew. That petitioner did then retain other counsel with whom petitioner was unable to maintain contact through no fault of his own. That petitioner did then retain other counsel, who accepted a retainer but said latter counsel never entered his appearance. That petitioner relied upon counsel to appear and defend him or in the alternative obtain a continuance.

6.

"That said latter counsel did seek but failed to obtain a continuance on date of trial and that due to his justifiable reliance on counsel, petitioner was from thirty minutes to one hour late for appearance at the set time and place for trial, which date was April 16, 1963.

7.

"That within the thirty minute to one hour period of tardiness, petitioner's bond was forfeited; he was held without bond for approximately one week and then

had bond set at $100,000.00 without any grounds what-soever for such an increase in bond."

Petitioner further alleges that he has requested the court to reduce the amount of bond and that the refusal of the district court to do so is "tantamount to holding him without bond," and is "such a gross abuse of discretion as to require intervention by this court."

This court issued its Rule to Show Cause and in answer thereto respondent does not take issue with any fact alleged in the petition.

■ As justification for raising the bond from $4,000.00 to $100,000.00 when the petitioner appeared from "thirty minutes to one hour late" on the day that had been set for trial, respondent in its answer says that:

"In accordance with the Colorado Rules of Criminal Procedure, the amount of bail to which a petitioner shall be admitted rests in the judgment or discretion of the Court, judge or justice, and it is for the Court to determine the amount which, in its judgment, will insure the Petitioner's presence for trial. In the instant case, the $4,000 bond originally posted by the Petitioner obviously was not adequate, since Petitioner failed to appear, although he admitted that he was present at the time of the trial setting and heard the date and time set for the court for the trial. In addition, this Petitioner has a prior criminal record of at least two felony convictions. Under these circumstances, Respondent submits that it was not an abuse of discretion to substantially increase the amount of bail for the Petitioner."

With this statement we are unable to agree and on the contrary hold, under the circumstances shown here, that the bond fixed by the court was grossly excessive and tantamount to a denial of the right of petitioner to be admitted to bail in a reasonable amount. Under the facts here shown a bond in the sum of $7,500.00 is reasonable and the district court is directed to forthwith admit the petitioner to bail in an amount not to exceed the sum of $7,500.00.

Mandate shall issue forthwith in this action since no petition for rehearing could be presented which would justify any different disposition of the case.

MR. JUSTICE DAY not participating.