No. 25094.

The People of the State of Colorado *v.*
Charles Clyde Regan.
(489 P.2d 194)

Decided October 4, 1971.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, for plaintiff-appellee.

Morgan Smith, for defendant-appellant.

*En Banc.*

Mr. Justice Erickson delivered the opinion of the Court.

CHARLES CLYDE REGAN is presently serving a sentence of not less than five and one-half years nor more than ten years in the Colorado State Penitentiary for the crime of larceny by bailee. Following denial of a motion to correct sentence under Crim. P. 35(a), he prosecuted an appeal to this Court. Looking to our holding in *Maciel v. People*, 172 Colo. 8, 469 P.2d 135 (1970), he contends that he must be awarded credit for the time he was confined in the county jail before he plead guilty and was sentenced to a term in the penitentiary.

All of the arguments raised by this appeal have been considered in *People v. Jones*, 176 Colo. 61, 489 P.2d 596; *People v. Taylor* and *People v. Puls*, 176 Colo. 71, 489 P.2d 323 announced this date. Here, there was no plea bargain that formed the basis of the defendant's change of plea, and the trial judge informed the defendant that he was granting credit for the time spent in the county jail before sentence was imposed. *Maciel* would indicate that credit was given on the minimum sentence, but it was impossible to have given credit on the maximum sentence. By not granting credit to the defendant on the maximum sentence, the court was, in fact, extending the sentence beyond the statutory limits. The reasoning and the rationale behind our decision in the *Jones* case is equally applicable to this case.

Accordingly, we direct that the trial court grant the defendant credit for the time that the defendant spent in the county jail prior to the imposition of sentence and that the credit be applied against the maximum sentence which was levied against him.

Judgment reversed and remanded for resentencing.