No. 24967.

THE PEOPLE OF THE STATE OF COLORADO *v.* JAMES W. JONES.

(489 P.2d 596)

Decided October 4, 1971.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, George E. DeRoos, Assistant, for plaintiff-appellee.

James W. Jones, pro se.

*En Banc.*

Mr. Justice Erickson delivered the opinion of the Court.

James W. Jones, who was the defendant below, seeks relief under the provisions of Crim. P. 35(a) and (b). His motion and his appeal to this Court center on his

64

claim that the sentencing court did not grant him credit for time which he spent in the county jail before sentence was imposed.

Other cases which are announced this date involve the same basic issue.[1] Two of the pending cases[2] were consolidated with this case for oral argument so that we could examine and resolve this issue without delay.

Fundamental to all the claims for reduction of sentence and for relief under the provisions of Crim. P. 35 is the assertion that credit for time spent in custody because of financial inability to make bail is a constitutional right vouchsafed by the provision against double jeopardy in the Fifth Amendment and the equal protection clause of the Fourteenth Amendment. The defendants have looked to the decisions of *Willams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), as the basis for supporting their constitutional arguments. They all assert that confinement in jail because of financial inability to make bail is equivalent to imprisonment for failure to pay a monetary fine. *See Tate v. Short*, 401 U.S. 395, 91 S.Ct. 663, 28 L.Ed.2d 130 (1971); *Morris v. Schoonfield*, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970).

An analysis of the defendants' claims brings the constitutional guarantee against double jeopardy in the Fifth Amendment and the equal protection clause of the Fourteenth Amendment into a critical area that has not been fully defined by the Supreme Court of the United States. It would be necessary for us, if we were to reach the result desired by the defendant, to hold that presentence confinement is punishment and that an order fixing monetary bail is unconstitutional *per se*. Needless

[1]*People v. Taylor*, Supreme Court No. 24816; *People v. Puls*, Supreme Court No. 25140; *People v. Scott*, Supreme Court No. 24822; *People v. Regan*, Supreme Court No. 25094; and *People v. Mieyr*, Supreme Court No. 24786.
[2]*People v. Taylor*, Supreme Court No. 24816; *People v. Puls*, Supreme Court No. 25140.

to say, we are not prepared to establish a constitutional outpost which would permit all indigent criminal defendants to be released from jail without bail.

■ The attack which has been made goes to the heart of our bail system and condemns time-worn practices that admittedly require change, but which have withstood constitutional attacks in the past. Bail has been tolerated by our courts because it serves to assure the presence of the accused at all times required by the court. *Short v. United States,* 344 F.2d 550 (D.C. Cir. 1965); *Mastrian v. Hedman,* 326 F.2d 708 (8th Cir. 1964), *cert. denied,* 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1965); *Gusick v. Boies,* 72 Ariz. 233, 233 P.2d 446 (1951). *The American Bar Association Standards of Criminal Justice Relating to Pretrial Release* candidly declare that:

"The bail system as it now generally exists is unsatisfactory from either the public's or the defendant's point of view. Its very nature requires the practically impossible task of translating risk of flight into dollars and cents and even its basic premise — that risk of financial loss is necessary to prevent defendants from fleeing prosecution — is itself of doubtful validity. The requirement that virtually every defendant must post bail causes discrimination against defendants who are poor and imposes personal hardship on them, their families and on the public which must bear the cost of their detention and frequently support their dependents on welfare.... See generally Beeley, *The Bail System in Chicago* (1927); Freed & Wald, *Bail in the United States: 1964* ...; Foote, *The Administration of Bail in New York City,* 106 U.Pa.L.Rev. 693 (1958); Ares, Rankin & Sturz, *The Manhattan Bail Project,* 38 N.Y.U.L.Rev. 67 (1963)...." *See also* L. Silverstein, *Defense of the Poor in Criminal Cases in American State Courts,* 7-8 (1964); Foote, *The Coming Constitutional Crisis on Bail,* 113 U.Pa.L.Rev. 959, 1125 (1965); Pye, *The Administration of Criminal*

*Justice*, 66 Colum.L.Rev. 286, 293 (1966); Mitchell, *Bail Reform and the Constitutionality of Pre-Trial Detention*, 55 Va.L.Rev. 1223 (1969); Ares, Rankin & Sturz, *The Manhattan Bail Project*, 38 N.Y.U.L.Rev. 67 (1963); Note, *Preventative Detention Before Trial*, 79 Harv.L. Rev. 1489 (1966); *Proceedings of the Conference on Bail and Indigency*, 1965 U.Ill.L.F. 1 (1965).

■ Protection of the accused has been provided by rule and judicial mandates that require that a court, in all instances, obtain facts which will provide a sound basis for an intelligent and fair bail decision. *American Bar Association Standards of Criminal Justice Relating to Pretrial Release*, § 4.5. *See Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); *Short v. United States*, 344 F.2d 550 (D.C.Cir. 1965); Crim. P. 46; *American Bar Association Standards of Criminal Justice Relating to Pretrial Release* for factors which provide the court with a proper basis for the bail decision.

■ If bail is set in an excessive amount, the defendant has the right to petition for reduction of bail or appeal the bail decision. *Altobella v. District Court*, 153 Colo. 143, 385 P.2d 663 (1963); *Corbett v. People*, 153 Colo. 457, 387 P.2d 409 (1963).

■ The United States Constitution and the Colorado Constitution both prohibit excessive bail but recognize that monetary bail is constitutionally permissible, and that bail need not be a matter of right in every case. U.S. Const. amend. VIII (Eighth Amendment); Colo. Const., art. II, § 19. *See Carlson v. Landon*, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed.2d 547 (1952); *Shanks v. District Court*, 153 Colo. 332, 385 P.2d 990 (1963); *In re LoSasso*, 15 Colo. 163, 24 P. 1080 (1890). The right to bail does not amount to a guarantee that every defendant who is charged with a crime will be released without bail if he is indigent. *See Bandy v. United States*, 81 S.Ct. 197, 5 L.Ed.2d 218 (1960). The denial of bail in the instant case was not arbitrary and was not based solely upon the defendant's financial condition. Due process requirements were met.

*Zemel v. Rusk,* 381 U.S. 1, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1965).

The posture of this appeal, however, does not require that constitutional criteria be the heart of this decision. The infirmities of our bail system are not the true basis of the defendants' complaints. In all three cases which were consolidated for argument, the trial judge stated at the time that sentence was imposed that he was considering or giving the defendant credit for time which he spent in custody prior to the determination of guilt and the imposition of sentence.

The petitioner in this case, James W. Jones, was arrested on January 28, 1969, and charged with short check felony and theft. A bail bond was set on the two charges in the amount of $7,500. He was unable to make bond and was confined until May 5, 1969, when sentence was imposed after he had plead guilty to the short check felony. A plea bargain resulted in the defendant's guilty plea and the dismissal of the theft charge by the district attorney. He was sentenced to the Colorado State Penitentiary on the short check felony charge for a term of not less than three years nor more than five years. The maximum sentence which could have been imposed by the court was five years. 1967 Perm. Supp., C.R.S. 1963, 40-14-20 (6). Jones contends that even though the trial court asserted that the three and one-half months which he spent in the county jail awaiting trial and sentence were considered at the time sentence was imposed, it was mathematically impossible to give credit to the defendant for preconviction incarceration when the sentencing judge imposes the maximum statutory sentence. He contends that the minimum sentence only establishes a time that would permit parole. C.R.S. 1963, 39-18-4. He also asserts that the Colorado Adult Parole Board is under no obligation to release a prisoner on parole at the expiration of the minimum term.

██ The law is clear that if the actual sentence im-

posed, plus the time spent in jail prior to sentence, does not exceed the maximum sentence which could be imposed, it will be conclusively presumed that the sentencing court gave the defendant credit for the presentence time spent in confinement. *Maciel v. People,* 172 Colo. 8, 469 P.2d 135 (1970); *Ballard v. United States,* 388 F.2d 607 (5th Cir. 1968); *Dunn v. United States,* 376 F.2d 191 (4th Cir. 1967); *Stapf v. United States,* 125 U.S. App.D.C. 100, 367 F.2d 326 (1966). If, at the time of sentencing, a defendant or his counsel has any reason to believe that the trial judge is unaware of the length of time the defendant was in custody or is not considering presentence confinement in arriving at a sentence, such information should be presented to the judge, along with other mitigating factors. *See American Bar Association Standards of Criminal Justice Relating to The Prosecution Function and The Defense Function,* Part VIII, After Conviction, § 8.1, Sentencing.

 We have neither rule nor statute that requires a trial judge to grant a defendant credit for time which he has served in jail before there is an ascertainment of guilt and the imposition of sentence. *See* Federal Bail Reform Act, 18 U.S.C. § 3568 (1966); Ill.Ann.Stat. c. 38, § 119-3 (Smith-Hurt 1966 Supp.); Mass. Gen Laws c. 276, § 33A (1966 Supp.); Pa. Stat. Ann. tit. 19, § 894 (1964) for statutes providing for credit for time served prior to the commencement of sentence. Without legislation, credit for pre-sentence confinement is not a matter of right, since there is no constitutional right to credit. *See Ibsen v. Warden, Nevada State Prison,* 86 Nev. 540, 471 P.2d 229 (1970); *State v. Virgil,* 276 N.C. 217, 172 S.E.2d 28 (1970); *Johnson v. Beto,* 383 F.2d 197 (5th Cir. 1967); *Burns v. Crouse,* 339 F.2d 883 (10th Cir. 1964).

 Admittedly, a trial judge has the authority and the power to impose any sentence that falls within the statutory limitations that have been created by the

legislature as punishment for the particular crime in issue. It is clear, however, that the trial judge should consider the time that the defendant is confined prior to the imposition of sentence, and justice requires no less. Once a trial judge has elected to grant a defendant credit for the time which he has served prior to the imposition of sentence, it is only fair that the time be deducted or credited against both the minimum and the maximum sentence. We are not passing upon the question of whether a court may reduce a sentence below the statutory minimum by reason of presentence confinement.

The better practice, and one which we recommend in the absence of a legislative directive is set forth in the *American Bar Association Standards of Criminal Justice Relating to Sentencing Alternatives and Procedures:*

"3.6 Credit.

"(a) Credit against the maximum term and any minimum term should be given to a defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This should specifically include credit for time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to arrival at the institution to which the defendant has been committed."

*See also American Bar Association Standards of Criminal Justice Relating to Pretrial Release,* § 5.12.

This recommendation, of course, must yield to those cases where disposition occurs as a result of a plea agreement. If a plea agreement is entered into and results in other charges being dismissed, the trial judge should follow the procedures set forth in the *American Bar Association Standards of Criminal Justice Relating to Pleas of Guilty,* which provide:

"3.3 Responsibilities of the trial judge.

"(a) The trial judge should not participate in plea discussions.

"(b) If a tentative plea agreement has been reached which contemplates entry of a plea of guilty or nolo contendere in the expectation that other charges before the court will be dismissed or that sentence concessions will be granted, upon request of the parties the trial judge may permit the disclosure to him of the tentative agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate to the prosecuting attorney and defense counsel whether he will concur in the proposed disposition if the information in the pre-sentence report is consistent with the representations made to him. If the trial judge concurs but the final disposition does not include the charge or sentence concessions contemplated in the plea agreement, he shall state for the record what information in the pre-sentence report contributed to his decision not to grant these concessions.

"(c) When a plea of guilty or nolo contendere is tendered or received as a result of a prior plea agreement, the trial judge should give the agreement due consideration, but notwithstanding its existence he should reach an independent decision on whether to grant charge or sentence concessions under the principles set forth in section 1.8."

When less than one-seventh of all criminal cases reach the stage of trial by jury [*American Bar Association Standards of Criminal Justice Relating to Trial by Jury* (1968), p. 2], it is incumbent upon us to recognize that every defendant that stands at the bar of justice charged with a crime must be advised and must know what the possible consequences are of his tendered plea of guilty. *See People v. Randolph,* 175 Colo. 454, 488 P.2d 203, for discussion of the constitutional requirements incident to the acceptance of a plea of guilty.

 Trial judges would be well advised to follow

the practice of causing the actual time spent by the defendant in jail prior to the imposition of sentence to be reflected in the record at the time sentence is imposed. A well prepared mittimus should also reflect the time spent in custody prior to the imposition of sentence and should direct that credit be allowed for the time spent in custody prior to imposition of sentence.

The *Maciel* case would indicate that credit was given on the minimum sentence, but it was impossible to have given credit on the maximum sentence. Accordingly, we direct that the sentence of the defendant, James W. Jones, be vacated and that the defendant be resentenced and given credit against both the minimum and maximum term of imprisonment in accordance with the directions of this opinion.

Judgment reversed and remanded for resentencing.