No. 27074

**The People of the State of Colorado v. James Eugene Wilkerson**

(559 P.2d 1107)

Decided January 31, 1977. Opinion modified and as modified rehearing denied February 22, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant, James Eugene Wilkerson, was convicted of rape in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-401.[1] He was sentenced to an indeterminate term of one day to life imprisonment, under the Colorado Sex Offenders Act of 1968, 39-13-201 *et seq.*, Colo. Sess. Laws 1972, ch. 44, 39-13-201 at 255.[2] Defendant appeals from an order of the district court denying him credit for 198 days presentence confinement. We find no prejudicial error and therefore affirm the judgment.

Initially, defendant was charged by information with the offenses of second-degree kidnapping and rape, in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-302[3] and 40-3-401, respectively. As a result of a plea bargain negotiated with the district attorney and accepted by the court, the kidnapping count was dismissed on motion of the district attorney and defendant entered a plea of guilty to the rape count. The record indicates that the defendant was advised by the court of the consequences of his guilty plea, pursuant to section 39-13-204,[4] and that the defendant persisted in his plea. Thereafter, the district attorney moved that the court commence proceedings under the Sex Offenders Act. The court so ordered and at the conclusion of the proceedings the court found that the defendant constituted a threat of bodily harm to the members of the public. The court then imposed the sentence of commitment to the custody of the Department of Institutions for an indeterminate term having a minimum of one day and a maximum of defendant's natural life.

The trial court properly denied defendant's motion for credit for presentence confinement. The court observed that credit could not be granted towards the maximum sentence, the length of which was dependent upon the life of the defendant; and that it would be impossible to give credit for jail time against the minimum sentence of one day. Thus, the principles set forth in *People v. Jones*, 176 Colo. 61, 489 P.2d 596, which require consideration of presentence confinement, cannot rationally be applied to such an indeterminate life sentence.

The judgment is affirmed.

---

[1] Since repealed and reenacted as section 18-3-402, C.R.S. 1973 (1976 Supp.).
[2] Now section 16-13-201 *et seq.*, C.R.S. 1973 (1976 Supp.).
[3] Now section 18-3-302, C.R.S. 1973.
[4] Now section 16-13-204, C.R.S. 1973.