**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Willie WHITE, Defendant-Appellant.**

**No. 79SA440.**

Supreme Court of Colorado,
En Banc.

Feb. 9, 1981.

Rehearing Denied March 2, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Howard Kenison, Asst. Atty. Gen., Litigation Section, Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Norman R. Mueller, Cynthia Cederberg, Terri L. Brake, Margaret L. O'Leary, Deputy State Public Defenders, Denver, for defendant-appellant.

ERICKSON, Justice.

Defendant-appellant, Willie White, appeals the denial of his motion for post-conviction relief. Section 18–1–410(1)(d), C.R.S.1973 and Crim.P. 35. We affirm.

White was charged by information with attempted first-degree murder,[1] two counts of first-degree assault,[2] and mandatory sentences for violent crimes.[3] He entered pleas of not guilty and not guilty by reason of insanity to all of the charges on August 19, 1977.

In a report dated September 12, 1977, a court-appointed psychiatrist found White incompetent to proceed, and the court ordered that he be confined in the state hospital for further evaluation of his mental condition. On October 28, 1977, a report signed by a consulting psychiatrist at the state hospital was submitted to the court, indicating that White had regained his competency.

White withdrew his pleas of not guilty by reason of insanity on November 1, 1977.

On November 18, 1977, a fifth count alleging second-degree assault[4] was added to the information. White subsequently pled guilty to the second-degree assault charge and admitted the allegations contained in the count charging mandatory sentence for violent crimes.

The judge sentenced White on January 9, 1978, to serve a term of nine to ten years at the penitentiary,[5] and specifically denied him credit for 183 days of presentence confinement.

White asserts that the trial court erred in denying his motion for post-conviction relief on two grounds: (1) Equal protection of the laws requires that an indigent defendant be granted credit for presentence confinement; and (2) credit granted for presentence confinement on the lower end of the sentence must also be granted on the upper end of the sentence.

We have answered White's equal protection argument in *Godbold v. District Court*, Colo., 623 P.2d 862 (No. 80SA237). In *Godbold, supra*, we reaffirmed our holding in *People v. Jones*, 176 Colo. 61, 489 P.2d 596 (1971), wherein we concluded that: "Without legislation, credit for pre-sentence confinement is not a matter of right, since there is no constitutional right to credit." *Id.* at 68, 489 P.2d 596.

In imposing sentence, the judge stated: "I am specifically considering the time that he [White] spent in custody in making that sentence." (A period of not less than nine years nor more than ten years.) Likewise, the court's findings of fact and conclusions of law regarding White's motion for post-conviction relief, stated:

"Citing *People v. Jones* [citation omitted], the Defendant further contends that the Court committed error in giving a sen-

1. Section 18–2–101, C.R.S.1973 (1978 Repl.Vol. 8).

2. Section 18–3–202, C.R.S.1973 (1978 Repl.Vol. 8).

3. Section 16–11–309, C.R.S.1973 (1978 Repl. Vol. 8).

4. Section 18–3–202, C.R.S.1973 (1978 Repl.Vol. 8).

5. Second-degree assault is a class 4 felony punishable by a maximum sentence of ten years imprisonment. 18–1–105, C.R.S.1973 (1978 Repl.Vol. 8).

tence that when added to his time or pre-sentence incarceration exceeded the statutory maximum for the offense of Assault in the Second Degree.

"The mittimus of the proceedings, however, shows that the Court considered the Defendant's pre-sentence jail time of 183 days and imposed a sentence of nine to ten years. The minimum of this sentence when added to the time of pre-sentence incarceration does not exceed the statutory maximum of ten years."

■ White is correct in his assertion that when the sentencing judge grants credit for presentence confinement the credit must be charged against both the minimum and maximum sentence. *People v. Regan*, 176 Colo. 59, 489 P.2d 194 (1971). However, the record in this case indicates that the sentencing judge considered and specifically denied White credit for his 183 days of presentence confinement. Additionally, there is nothing in the court's findings of fact and conclusions of law regarding White's motion for post-conviction relief that can be read as granting him credit for presentence confinement on the lower end of his sentence.

Section 16–11–306, C.R.S.1973 (1978 Repl. Vol. 8),[6] provides:

"Sentencing—consideration of presentence confinement.

"(1) In sentencing a defendant to imprisonment, the sentencing judge shall take into consideration that part of any presentence confinement which the defendant has undergone with respect to the transaction for which he is to be sentenced.

"(2) The judge shall state in pronouncing sentence, and the judgment shall recite, that such consideration has been given, but no sentence shall be set aside or modified on review because of alleged failure to give such consideration unless the record clearly shows that the judge did not, in fact, consider the presentence confinement when imposing sentence.

"(3) If the maximum sentence imposed is longer than the statutory maximum for the offense less the amount of allowable presentence confinement, it shall be presumed that the judge did not consider the presentence confinement. . . . "

■ Because the maximum sentence imposed by the judge was longer than the statutory maximum minus the amount of presentence confinement, a rebuttable presumption was created that the judge did not consider White's presentence confinement. Since the record indicates, however, that the judge did consider the 183 days, the presumption was rebutted. *See Perea v. District Court*, Colo., 604 P.2d 25 (1979).

Finally, White argues that the following exchange at his plea hearing evidences an agreement by the sentencing judge to grant him credit for presentence confinement:

"MR. HEGNER: "Will the Court also consider the fact that effectively he commenced serving his sentence on the 11th of July, '77?"

THE COURT: "I will consider that in imposing the sentence."

MR. HEGNER: "So, irrespective of what time is now spent and why it is spent, it will be part of serving that sentence.?"

THE COURT: "Right. Do you have your calendar, Mr. Hegner?"

■ The colloquy does not demonstrate that the court agreed to grant White credit for his presentence confinement. The exchange between counsel and the court reflects an agreement on the part of the court to consider, as it must, the time spent in presentence confinement.

Accordingly, the trial court's order denying White's motion for post-conviction relief is affirmed.

QUINN, J., dissents.

QUINN, Justice, dissenting:

I dissent here for the same reasons I dissented in *Godbold v. District Court*,

---

6. Section 16–11–306, C.R.S.1973 (1978 Repl. Vol. 8) has been amended to provide credit for presentence confinement in those cases where the offense is committed after July 1, 1979. Colo.Sess.Laws 1979, Ch. 157, 16–11–306 at 665.

Colo., 623 P.2d 862 (1981) (S.Ct.No. 80SA327, announced February 2, 1981). Equal protection of the laws mandates that the defendant receive credit for presentence confinement on the minimum and maximum terms of his sentence. The constitutional violation in this case is particularly egregious because it could subject the defendant to a period of imprisonment in excess of the maximum authorized by law.