The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Gordon Allen STEWART,
Defendant-Appellant.

No. 80SA122.

Supreme Court of Colorado.

April 13, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Harvey M. Palefsky, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

Defendant Stewart appeals the sentence imposed upon him by the trial court. We affirm the judgment in part and reverse it in part.

In accordance with a plea agreement, defendant entered a plea of guilty to the charge of possession of a narcotic drug, section 12–22–302, C.R.S.1973 (1978 Repl. Vol. 5), and was sentenced to a term of thirteen to fifteen years imprisonment in the state penitentiary. In imposing sentence, the trial judge stated that he had granted defendant credit for fifty-six days of presentence confinement in setting the minimum term of the sentence, but did not grant any credit against the maximum term.

I.

Defendant's initial argument is that the trial court erred in granting him credit for time spent in presentence confinement against only the minimum term of his sentence. We agree.

In *People v. Jones*, 176 Colo. 61, 489 P.2d 596 (1971), we held:

"Once a trial judge has elected to grant a defendant credit for the time which he

has served prior to the imposition of sentence, it is only fair that the time be deducted or credited against both the minimum and the maximum sentence." Thus, because the trial court credited the defendant for time already served in setting the minimum term of his sentence, it was error for the trial court not to also credit defendant for that time against the maximum term of the sentence. *See People v. White*, Colo., 623 P.2d 868 (1981); *People v. Regan*, 176 Colo. 59, 489 P.2d 194 (1971).[1]

## II.

■ Defendant next asserts that he is entitled to be resentenced under the presumptive sentencing provisions of either the 1977 version of House Bill 1589, Colo. Sess. Laws 1977, ch. 216, 18–1–105 at 867, or the 1979 version of House Bill 1589, Colo. Sess. Laws 1979, ch. 157. The arguments advanced by defendant in support of these assertions were decided adversely to him in *People v. McKenna*, Colo., 611 P.2d 574 (1980). We held there that the Governor did not violate the separation of powers doctrine in his call for a special session of the General Assembly, and that section 25 of the 1979 version of House Bill 1589 does not infringe on the rule making authority of this court. *See People v. Lopez*, Colo., 624 P.2d 1301 (1981); *People v. Scott*, Colo., 615 P.2d 35 (1980); *People v. Cunningham*, Colo., 614 P.2d 886 (1980); *People v. Foster*, Colo., 615 P.2d 652 (1980); *People v. Cameron*, Colo., 613 P.2d 1312 (1980); *People v. Triggs*, Colo., 613 P.2d 317 (1980); *People v. Warren*, Colo., 612 P.2d 1124 (1980).

## III.

■ The defendant also contends that he is entitled to be resentenced under section 33 of the 1977 version of House Bill 1589. In support thereof, the defendant asserts that section 33 of the 1977 version of the

bill, reclassifying possession of a narcotic drug as a class 4 felony for the first offense, took effect on April 1, 1979.

For the reasons stated in *Tacorante v. People*, Colo., 624 P.2d 1324 (1981), we hold that section 23 of the 1979 version of House Bill 1589 validly postponed the effective date of the 1977 version of the bill. Contrary to defendant's position, section 33 of the 1977 version of House Bill 1589 did not become effective until July 1, 1979, and section 25 of the 1979 version of the bill provides that it shall apply only to crimes committed after its effective date. Since the crime for which defendant was sentenced was committed well before the effective date of either the 1977 or 1979 version of House Bill 1589, he is not entitled to be resentenced under the provisions of those acts.

The judgment of the trial court is affirmed in part and reversed in part. The cause is remanded to the trial court with directions to reduce the maximum term of the sentence by fifty-six days.

1. Defendant asserts that he is constitutionally entitled to credit for time served in presentence confinement. Because we resolve the issue on the basis of our holding in *People v. Jones, supra,* we do not reach his constitutional claims. However, this court has held on several occasions that there is no constitutional right to credit for time spent in presentence confinement. *E. g., People v. Jones, supra; People v. White, supra; Godbold v. District Court*, Colo., 623 P.2d 862 (1981).