The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Leonard R. MAGEE, Defendant-Appellant.

No. 80SA67.

Supreme Court of Colorado.

April 20, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele Sernovitz, Asst. Atty. Gen., Litigation Section, Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Shelley Gilman, Deputy State Public Defender, Denver, for defendant-appellant.

ERICKSON, Justice.

On appeal, the defendant, Leonard Magee, asserts: (1) that his sentence of five to ten years for robbery is excessive; (2) that the trial court's denial of credit for presentence confinement violates the constitutional guarantee of equal protection of the laws; and (3) that he is entitled to be resentenced under the presumptive sentencing provisions of either the 1977 version of House Bill 1589, Colo. Sess. Laws 1977, ch. 216, 18–1–105 at 867, or the 1979 version of House Bill 1589 (codified in section 18–1–105, C.R.S. 1973 (1980 Supp. to 1978 Repl. Vol. 8)). We affirm.

On December 24, 1977, the defendant, then an inmate at the federal correction institution, attended a Bronco football game on a special pass pursuant to a program for young adult offenders. At some point during the game, the defendant left and hitchhiked to Brighton, Colorado, and robbed a Save-Way gas station. The victim of the robbery stated that the defendant entered the service station, cornered her in a back room, and told her that he had a knife and would rape her if she did not cooperate. The victim gave the defendant the keys to her car, and he took approximately $75 from the cash register. He was arrested shortly thereafter.

On December 29, 1977, the defendant was charged by information with one count of aggravated robbery. Section 18–4–302, C.R.S. 1973 (1978 Repl. Vol. 8). On March 21, 1978, the prosecution's motion to amend the information was granted, and the count of simple robbery was added to the information. Section 18–4–301, C.R.S. 1973 (1978 Repl. Vol. 8). On the same day, the defendant entered a plea of guilty to the charge of simple robbery. The trial court accepted the plea and dismissed the count of aggravated robbery.

On April 19, 1978, the defendant was sentenced to a term of not less than five years nor more than ten years in the Colorado State Penitentiary. Robbery is a class four felony punishable by a maximum sentence of ten years imprisonment. Section 18–1–105, C.R.S. 1973 (1978 Repl. Vol. 8).

I.

The defendant asserts that his sentence of not less than five years nor more than ten years for simple robbery is unduly harsh, excessive, and constitutes an abuse of discretion. We disagree.

The factors to be considered in appellate review of a sentence are: (1) the nature of the offense, (2) the character of the offender, and (3) the public interest in safety and deterrence. Section 18–1–409, C.R.S. 1973 (1978 Repl. Vol. 8). *See also, People v. Trujillo,* Colo., —— P.2d —— (1981), (S.Ct. No. 79SA372, announced April 13, 1981); *People v. Cohen,* Colo., 617 P.2d 1205 (1980); *People v. Scott,* Colo., 615 P.2d 35 (1980); *People v. Warren,* Colo., 612 P.2d 1124 (1980); *People v. Malacara,* Colo., 606 P.2d 1300 (1980); *People v. Edwards,* 198 Colo. 52, 598 P.2d 126 (1979); *Triggs v. People,* 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975). ABA Standards for Criminal Justice 20–1.2 and 20–3.2 (2d Ed. 1980).

Applying the factors governing appellate review of sentences to the facts of this case, causes us to conclude that the trial court did not abuse its discretion in imposing a five to ten year sentence. The offense in this case involved a robbery committed during the course of an escape from a federal correction institution. The defendant threatened the victim with a knife and also threatened to rape her. In addition, the defendant has two prior felony convictions.

As we stated in *People v. Trujillo, supra*: "Sentencing involves the exercise of judicial discretion, and a sentencing judge has wide latitude in arriving at his final decision. (Citations omitted.) Absent a clear abuse of discretion, we will not substitute our judgment for that of the trial court."

## II.

The defendant's argument that the denial of credit for presentence confinement violates the constitutional guarantee of equal protection of the laws has been resolved adversely to the defendant in *Godbold v. District Court*, Colo., 623 P.2d 862 (1981). *See also, People v. White*, Colo., 623 P.2d 868 (1981); *People v. Jones*, 176 Colo. 61, 489 P.2d 596 (1971). Relying on the cases cited, we conclude that the trial court did not err in refusing to grant the defendant credit for presentence confinement.

## III.

We have rejected the defendant's claim that he is entitled to be resentenced under the presumptive sentencing provisions of either the 1977 version of House Bill 1589, Colo. Sess. Laws 1977, ch. 216, 18–1–105 at 867, or the 1979 version of House Bill 1589 (codified in section 18–1–105, C.R.S. 1973 (1980 Supp. to Repl. Vol. 8)) in *People v. McKenna*, Colo., 611 P.2d 574 (1980). *See also, People v. Trujillo, supra*.

Accordingly, the judgment is affirmed.