The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Allan P. SCOTT, Defendant-Appellant.

No. 79SA563.

Supreme Court of Colorado,
En Banc.

March 30, 1981.

As Modified On Denial of Rehearing and Rehearing En Banc May 11, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Norman R. Mueller, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

Defendant Scott appeals the sentence he received in the trial court. We affirm the judgment in part and reverse it in part.

Defendant entered a plea of guilty to a charge of second-degree murder, and was sentenced to a term in the state penitentiary of not less than twenty years nor more than thirty years. In imposing sentence, the trial court granted defendant credit for 365 days of presentence confinement, but ordered that the credit be applied only against the maximum term of the sentence and not against the minimum term.

The defendant appealed his sentence in accordance with section 18-1-409, C.R.S. 1973 (1978 Repl.Vol. 8) and C.A.R. 4(c). He then filed two motions under Crim.P. 35, both of which raised issued regarding the intrinsic fairness of his sentence.[1] After hearings, these motions were denied by the trial court. The defendant then appealed the trial court's denial of the Crim.P. 35 motions. That appeal was consolidated with the statutory appeal of sentence pending in the court of appeals, and was then transferred to this court pursuant to sections 13-4-102(1)(b) and 13-4-110(1), C.R.S. 1973, because of the constitutional issue relating to credit for presentence confinement against the minimum term of his sentence.

■ The trial court lacked jurisdiction to consider issues relating to the fairness of the defendant's sentence while his statutory appeal of sentence was pending. *People v. Foster,* 615 P.2d 652 (1980). The appeal of the trial court's denial of the Crim.P. 35 motions must therefore be dismissed, and all issues, including those relating to the fairness of the defendant's sentence, will be considered under the statutory appeal.

## I.

■ Defendant urges that a sentence of twenty to thirty years imprisonment is unduly harsh in light of the nature of the crime and the defendant's character. We do not agree.

The defendant's conviction stems from the shooting death of his eighteen year old girlfriend. The evidence indicates that the defendant went armed with a gun to a party at the victim's apartment. He displayed his gun while at the party. The defendant and the victim became intoxicated, they quarreled, and the defendant shot the victim several times. The victim died as a result of multiple gunshot wounds.

Although the defendant has never previously been convicted of a crime of violence, he does have a juvenile record and a prior felony conviction as an adult. As a parolee, he committed numerous violations of the conditions of parole, which was revoked. On the date of sentencing, defendant was twenty-five years of age. The record also shows that he is the father of several children and he has failed to contribute to their support. Two of the children were by his wife, who he married in 1977. The couple were later separated. It is to be noted, also, that at the hearing, defendant offered no evidence or argument to suggest that he had made any progress toward rehabilitation, or intended to.

■ Based on these facts we cannot say that the trial court abused its discretion in sentencing the defendant. *See People v. Warren,* 612 P.2d 1124 (1980); *Triggs v. People,* 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Strong,* 190 Colo. 189, 544 P.2d 966 (1976); *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975). Absent a clear abuse of discretion, we will not substitute our judgment for that of the trial court. *People v. Trujillo,* 627 P.2d 737 (1981); *Triggs v. People, supra; People v. Duran, supra.*

## II.

Defendant next asserts that the trial court's refusal to grant credit on both ends of his sentence for time spent in presentence confinement violates equal protection. Specifically, defendant argues that he was unable to post bond due to his indigency, and that convicted indigents, like himself, are constitutionally entitled to credit for time spent in presentence confinement.

■ This court has previously held that there is no constitutional right to credit for time spent in presentence confinement.

---

1. Crim.P. 35 has since been extensively amended effective November 13, 1979. *See* Crim.P. 35 (1980 Cum.Supp.)

*People v. Jones,* 176 Colo. 61, 489 P.2d 596 (1971). That holding was reaffirmed in two recent decisions of this court. *See People v. White,* Colo., 623 P.2d 868 (1981) (1981); *Godbold v. District Court,* Colo., 623 P.2d 862 (1981).

■ Although defendant is not constitutionally entitled to credit for the time he spent in presentence confinement, where, as here, the trial court grants credit for presentence confinement against one end of a sentence, justice requires that such credit apply against both the minimum and the maximum term of the sentence. *People v. White, supra; People v. Jones, supra; People v. Regan,* 176 Colo. 59, 489 P.2d 194 (1971).

Having granted credit for presentence confinement against the maximum term of defendant's sentence, it was error for the trial court to deny credit for that time against the minimum term of the sentence.

### III.

■ Finally, defendant argues that the trial court improperly denied him the benefit of the amendatory legislation of H.B. 1589, Colo.Sess. Laws 1977, ch. 216, 18–1–105 at 867, when he was sentenced. We disagree.

Defendant's arguments concerning the applicability of H.B. 1589 were answered in *People v. McKenna,* Colo., 611 P.2d 574 (1980), which held that the Governor did not usurp the legislature's power in his call for a special session of the General Assembly, and that the effective date of the bill was validly postponed until July 1, 1979. In addition, we ruled that the presumptive sentencing provisions of that statute could be limited to apply only to convictions arising from offenses committed on or after the statute's effective date of July 1, 1979. *People v. McKenna, supra; Tacorante v. People,* Colo., 624 P.2d 1324; *see also People v. Lopez, supra.*

The defendant entered a plea of guilty on September 15, 1978, to a crime which was committed on October 31, 1977. Consequently, defendant is not entitled to be resentenced under the provisions of H.B. 1589.

The judgment of the trial court is affirmed in part and reversed in part. The cause is remanded to the trial court with directions to reduce the minimum term of the sentence by 365 days.

QUINN, J., specially concurs.

QUINN, Justice, specially concurring:

I specially concur in the result. For reasons set forth in my dissenting opinion in *Godbold v. District Court,* Colo., 623 P.2d 862 (1981), I believe that the defendant is entitled under equal protection of the laws to credit for presentence confinement on both the minimum and maximum terms of his sentence. *U.S.Const.* Amend. XIV; *Colo.Const.* Art. II, Sec. 25. However, as long as the majority of the court continues to reject a constitutional source for such credit, further dissent on this recurring issue will serve no useful purpose.