**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Donald Ray DENNIS, Defendant-Appellant.**

**No. 81SA486.**

Supreme Court of Colorado, En Banc.

Aug. 3, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Dufford, Waldeck, Ruland, Wise & Milburn, Robert I. Williams, Grand Junction, for defendant-appellant.

HODGES, Chief Justice.

Defendant Donald Dennis appeals the trial court's judgment denying his motion to reduce sentence. In related arguments, he also challenges as unconstitutional section 16–11–306, C.R.S.1973 (1978 Repl. Vol. 8), which grants discretionary power to a sentencing court in granting credit for presentence confinement. Also, he maintains that he was denied effective assistance of counsel. The defendant's contentions are without merit and we, therefore, affirm the judgment.

Following his plea of guilty to the charge of aggravated robbery, section 18–4–302,

C.R.S.1973 (1978 Repl. Vol. 8), the defendant was sentenced to a term of five to fifteen years of imprisonment. The sentence, however, was suspended and the defendant was placed on probation for three years on the condition that, *inter alia*, he complete one year in a work release program. After participating in the program less than two months, the defendant violated another condition of probation by fleeing to the state of Nevada where he remained until his extradition to Colorado six months later. Upon his return, a revocation of probation hearing was held in accordance with section 16–11–206, C.R.S.1973 (1978 Repl. Vol. 8), at the conclusion of which the original sentence was reinstated with a seven-day credit given for presentence confinement. *See* section 16–11–306, C.R.S.1973 (1978 Repl. Vol. 8).

Thereafter, the defendant's appointed counsel filed a Crim.P. 35(b) motion for the reduction of sentence which was denied without hearing. Subsequently, a motion pursuant to Crim.P. 35(a) and (c) was filed requesting that defendant's sentence be "vacated or corrected."[1] After a full evidentiary hearing at which extensive testimony was introduced on the defendant's behalf, the trial court denied the Crim.P. 35(a) and (c) motion. The court did, however, modify its previous order increasing the credit for presentence confinement to twenty-five days.

■ Initially, we need not address the defendant's challenge to the sentence imposed. In *People v. Malacara*, 199 Colo. 243, 606 P.2d 1300 (1981), we held that there is no right of appeal to the denial by a trial court of a Crim.P. 35(b) motion[2] where the issue presented and resolved concerns the propriety of the sentence. We have subsequently reaffirmed our holding in *Malacara* on numerous occasions.[3] Accordingly, we decline to consider this issue.

■ We find without merit the defendant's next assertion that because the Crim.P. 35(b) motion was "predictably unsuccessful," the appointed counsel's decision to seek sentence review in the trial court by way of that motion rather than seeking appellate review pursuant to C.A.R. 4(c), denied him the effective assistance of counsel. Counsel's decision could well have been a matter of defense strategy, and mere disagreement by a defendant as to procedural strategy followed by his counsel does not equate with ineffective assistance of counsel. *People v. Moody*, 630 P.2d 74 (Colo.1981); *People v. McCormick*, 181 Colo. 162, 508 P.2d 1270 (1973).

■ Lastly, defendant argues that the trial court's denial of credit for all time spent in presentence confinement violates his constitutional guarantee of equal protection of the laws, and thus, the provisions of section 16–11–306, C.R.S.1973 (1978 Repl. Vol. 8), which grants discretionary power to a sentencing court in granting credit for presentence confinement, is unconstitutional. Identical arguments have been found to be without merit and rejected by this court in *People v. Scott*, 626 P.2d 1130 (Colo. 1981); *People v. Magee*, 626 P.2d 1139

---

1. In his "Motion to Vacate or Set Aside Sentence or in the Alternative to Correct Sentence Pursuant to Rule 35(a), (c)(1)(2)(II) and (3), Colorado Rules of Crim. Procedure," the defendant again challenged the propriety of his sentence. He alleged that reinstatement of the original sentence was improper inasmuch as the trial court failed to consider the "root cause of the alleged probation violation." Additionally, it was alleged that the defendant was denied the effective assistance of counsel during the probation revocation proceeding and that by giving the trial court discretion in determining the amount of presentence confinement to be applied towards fulfillment of the sentence, section 16–11–306, C.R.S.1973 (1978 Repl. Vol. 8) is unconstitutional.

2. Crim.P. 35 was extensively amended effective November 13, 1979. *See* Crim.P. 35 (1981 Supp.). The provision which authorizes a motion for reduction of sentence was contained in Crim.P. 35(a) at the time our decision in *People v. Malacara, supra*, was rendered. That provision is now contained in Crim.P. 35(b).

3. For holdings in accord with *People v. Malacara, see People v. Francis*, 630 P.2d 82 (Colo. 1981); *People v. Scott*, 626 P.2d 1130 (Colo. 1981); *People v. Lopez*, 624 P.2d 1301 (Colo. 1981); *Mikkleson v. People*, 618 P.2d 1101 (Colo.1980); *McKnight v. People*, 199 Colo. 313, 607 P.2d 1007 (1980).

(Colo.1981); *People v. Stewart*, 626 P.2d 685 (Colo.1981); *People v. White*, 623 P.2d 868 (Colo.1981); *Godbold v. District Court*, 623 P.2d 862 (Colo.1981). Relying on the analysis and holdings of these cases, we find this argument of the defendant to be without merit.

The judgment is affirmed.

QUINN, J., does not participate.