The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Donald Louis LeCLAIR, Defendant-Appellant.

No. 82SA574.

Supreme Court of Colorado, En Banc.

July 18, 1983.

Rehearing Denied Aug. 22, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Diana L. DeGette, Deputy State Public Defender, Denver, for defendant-appellant.

PER CURIAM.

The defendant, Donald Louis LeClair, entered a plea of guilty to second-degree burglary, section 18–4–203, C.R.S.1973 (1978 Repl.Vol. 8). He was sentenced to the Colorado State Penitentiary for a term of six and one-half years to ten years. The defendant was not given credit for any presentence confinement. After denial of his motion for correction of sentence filed pursuant to Crim.P. 35(c)(2)(I), the defendant filed this appeal. We affirm the trial court's ruling.

I.

During the evening hours of December 23, 1978, the rectory of St. Francis De Sales Catholic Church in Lamar, Colorado, was burglarized. On February 7, 1979, the defendant was arrested and charged with committing the crime. Bail was set at $2,000 and was to be secured by cash or

corporate surety bond. The defendant's motion for bond reduction or modification was denied.

Southeast Colorado Hospital District posted the bond on February 9, 1979, and the defendant was released from custody. However, upon learning that the defendant was taken into custody in Baca County pursuant to an out-of-state warrant, the Hospital District requested to be released from liability on the bond. The bond was cancelled on April 4, 1979, pursuant to the Hospital District's request. Sometime thereafter, the defendant was transferred to the Prowers County Jail where he remained in custody.

On June 1, 1979, the defendant escaped from the Prowers County Jail. The district attorney filed a charge of escape against the defendant. He was later arrested in Illinois and waived extradition to Colorado. On August 1, 1979, pursuant to a plea agreement, the defendant pleaded guilty to second-degree burglary and the escape charge was dismissed. In sentencing the defendant to six and one-half to ten years at the state penitentiary, the trial court gave "full consideration for one day presentence confinement which the Defendant has undergone with respect to the transaction for which he is being sentenced, and the sentence imposed reflects that credit was not given for such confinement...."

The defendant filed a motion for correction of sentence pursuant to Crim.P. 35(c)(2)(I), seeking credit for seventy-nine days presentence confinement. The defendant claimed that his presentence incarceration was due to indigency, and that indigent defendants are constitutionally entitled to credit for presentence confinement.

The trial court denied the motion. The court found that the defendant was represented at all times by privately retained counsel, had been able to arrange for bail, and was, therefore, not indigent during the pendency of the case. The court further found that all but one day of the defendant's presentence confinement was attributable to offenses other than the second-degree burglary for which he had been sentenced. The court noted that the one day attributable to the instant charge had been considered during the sentencing process and that the court's decision not to allow credit therefor was within its discretion.

The defendant appeals the trial court's denial of his motion for correction of sentence on two grounds. First, under principles of equal protection he is constitutionally entitled to credit for presentence confinement. Second, the trial court erred in finding he was not indigent. He seeks credit for seventy-nine days of presentence confinement: three days immediately following his arrest and prior to posting of bail; fifty-nine days from cancellation of the bond until his escape from Prowers County Jail; six days after his arrest in Illinois awaiting extradition to Colorado; and eleven days upon his return to Colorado and prior to entry of a guilty plea and sentencing.

II.

Inasmuch as the offense in this case occurred prior to July 1, 1979, the applicable statute is section 16–11–306, C.R.S.1973 (1978 Repl.Vol. 8), as it existed prior to its repeal and reenactment in 1979. Our decisions in *People v. White,* 623 P.2d 868 (Colo. 1981), and *Godbold v. District Court,* 623 P.2d 862 (Colo.1981), are dispositive of the defendant's constitutional argument. *See also People v. Turman,* 659 P.2d 1368 (Colo. 1983); *People v. Dennis,* 649 P.2d 321 (Colo. 1982). *But see Godbold v. Wilson,* 518 F.Supp. 1265 (D.Colo.1981). Because there is no constitutional right to credit for presentence confinement, we need not reach the question of whether the trial court erred in finding that the defendant was not indigent.

The judgment of the trial court is affirmed.