The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Gregory FANGER, Defendant–Appellant.

No. 85CA0844.

Colorado Court of Appeals, Div. III.

July 30, 1987.

Rehearing Denied Sept. 3, 1987.

Certiorari Denied (People) Jan. 25, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia A. Savage, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Jonathan Willett, Deputy State Public Defenders, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Gregory Fanger, was charged with a class 3 felony, conspiracy to distribute a schedule II controlled substance (cocaine), enhanced to a class 2 felony as a special offender. *See* §§ 18–18–105(1)(a) and 18–18–107, C.R.S. (1986 Repl. Vol. 8B). A jury found him guilty of the conspiracy but did not find that the special

offender provision applied to him. Contending that the trial court erred in not requiring the People to comply with a plea agreement, defendant appeals the judgment of conviction on the conspiracy charge. We vacate the judgment.

In late December 1984, the parties entered into plea and sentence negotiations. The People offered to permit defendant to plead guilty to a class 4 felony, with a recommendation of probation, if defendant would testify against his brother, a co-defendant. A pre-condition to entering into this disposition was that defendant submit to an interview and take a polygraph to verify the interview.

Pursuant to this arrangement, on January 7, 1985, defendant submitted to an out-of-court recorded interview and made statements that incriminated him and his brother. Because of scheduling problems, he did not take a polygraph test. At the beginning of the interview, defendant's attorney said that he had agreed to the interview only because of the proposed plea bargain. He also announced his understanding that any statements made would not be used against defendant in court.

On January 28, defendant informed the district attorney that he would testify against his brother, and, on that date, he told his brother what he was going to do. Thereupon, the brother pled guilty on January 31.

The People then withdrew their offer of a plea agreement. Defendant's motion to enforce the plea agreement was denied February 15, and his motion to reconsider was denied at the commencement of trial on March 14. At trial, the People used a transcript of the interview for impeachment of defendant's testimony. Defendant was convicted and given a four-year prison term.

## I.

■ Defendant contends the trial court should have enforced the plea agreement after he took detrimental action in reason-able reliance on the People's offer. We agree.

■ A defendant has a constitutional right to be treated with fairness throughout the plea bargaining process. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *People v. Fisher*, 657 P.2d 922 (Colo.1983). When a defendant has reasonably relied to his detriment on a government promise made during plea bargaining, he is entitled to enforcement of that promise. *People v. Fisher, supra. See also People v. Romero*, 712 P.2d 1081 (Colo.App.1985).

Here, defendant waived his privilege against self-incrimination and submitted to the district attorney's interview and agreed to testify against his brother, in reliance upon its promise of a lesser charge and a recommendation of probation. The refusal of the People to honor that agreement was motivated by the brother's guilty plea, which obviated the need for defendant's testimony. However, that plea was occasioned by defendant's having agreed to testify against him. Thus, the People reaped the benefit of defendant's inculpatory statements and his brother's conviction, but avoided their obligations under the agreement.

■ The People, however, argue that because defendant did not take the required polygraph examination and did not testify against his brother, there was no binding plea agreement. This argument relies upon principles of contract law and must be rejected. The due process clauses of the U.S. and Colorado constitutions, and not contract law, are the bases for enforcement of a plea agreement between a defendant and the government. *Santobello v. New York, supra; People v. Fisher, supra.*

Furthermore, defendant substantially performed his part of the bargain by submitting to the interview and by agreeing to testify. There is no evidence that he intentionally did not take the polygraph examination, and his failure to testify against his brother was caused by circumstances be-

yond his control. He was ready, willing, and able so to do. Therefore, fairness and equity require the People to be held to their bargain. *See People v. Fisher, supra; State v. Brockman*, 277 Md. 687, 357 A.2d 376 (1976).

## II.

The People argue that, should this court find that defendant's rights were impaired, the appropriate remedy is remand for a new trial. They claim that defendant's only detriment was in submitting to the interview, and the only use of the interview at the trial was for impeachment of defendant's testimony. Therefore, they argue, the appropriate remedy is remand for a new trial and suppression of the interview. Defendant contends that enforcement of the plea agreement is necessary. In general, we agree with defendant.

An accused is entitled to enforcement of a government promise if there is no other remedy appropriate to effectuate the accused's legitimate expectation engendered by the governmental promise. *People v. Fisher, supra; People v. Manning*, 672 P.2d 499 (Colo.1983). Here, performance of the People's promise, to the extent that is now possible, would most closely approximate the *status quo* before the trial. *See Cooper v. United States*, 594 F.2d 12 (4th Cir.1979). Under the circumstances at issue, "anything less than that ... could not approximate that substantial justice which the Due Process Clause guarantees to an accused." *People v. Fisher, supra.*

Unlike a plea agreement without prior conditions, which involves no waiver of rights until the court accepts the plea, defendant here has already taken substantial action to his detriment and the People have reaped substantial benefit. Therefore, even under contract principles, rescission would not be an appropriate remedy. The People must perform their part of the bargain.

## III.

There remains the question of the appropriate remedy for correcting the error here found. Full enforcement of the agreement may only be approximated now. Inasmuch as the original trial judge made the pre-tri-

al and sentencing rulings and heard the evidence at trial, further proceedings should be conducted by a different trial judge. Also, we must consider that sentencing recommendations are not binding on the trial court; it can refuse to follow the recommendations. Section 16–7–302(3), C.R.S. (1986 Repl.Vol. 8A); Crim.P. 11(f)(5); *People v. Wright*, 194 Colo. 448, 573 P.2d 551 (1978); *People v. Jones*, 176 Colo. 61, 489 P.2d 596 (1971).

Accordingly, the judgment of conviction must be vacated. On remand, the defendant is to be allowed to enter a plea of guilty to a lesser but related charge, a class 4 felony. If he does so, the People shall recommend a sentence of probation for that offense. If probation is granted, the class 3 felony charge upon which he was convicted shall be dismissed. If probation is not granted, defendant shall have the option of accepting the sentence imposed on the class 4 offense (with dismissal of the class 3 charge) or of withdrawing his guilty plea to the class 4 charge (with the sentence thereon vacated and that charge dismissed) and proceeding to a new trial on the class 3 charge, with his interview statements, and any evidence obtained as a result of the interview, not to be admitted for any purpose. *See* CRE 410; *Gelfand v. People*, 196 Colo. 487, 586 P.2d 1331 (1978).

## IV.

We do not decide defendant's contention that the trial court abused its discretion in not granting defendant's motion to disqualify the assistant district attorney because of his scheduled, and later actual, participation in the case both as an advocate and as a material witness. However, we direct that, in the event of a retrial, another prosecutor try the case.

The judgment is vacated, and the cause is remanded for further proceedings consistent with this opinion.

BABCOCK and METZGER, JJ., concur.