The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Everett W. JASPER, Defendant– Appellant.

No. 98CA0585.

Colorado Court of Appeals, Div. III.

Aug. 5, 1999.

Rehearing Denied Dec. 2, 1999.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Christine Cates Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, Colorado, for Defendant– Appellant.

Opinion by Judge JONES.

Defendant, Everett William Jasper, appeals the judgment of conviction entered upon jury verdicts finding him guilty of first degree assault, criminal mischief, vehicular eluding, menacing, and habitual traffic offender. We remand for further proceedings.

The determinative contention asserted by defendant is that the trial court abused its discretion by arbitrarily refusing to consider or accept a plea agreement that was presented to the court on the day of the trial.

On October 16, 1996, defendant was charged with first degree assault, two counts of criminal mischief, vehicular eluding, menacing, and habitual traffic offender. On the prosecutor's motion, the trial court dismissed one of the criminal mischief counts, after which, on July 7, 1997, defendant pled not guilty to the remaining charged offenses, and trial was set for December 15, 1997.

On the morning of the trial, after a jury had been selected, the prosecutor informed the court that a plea agreement had been reached. However, without allowing the parties to advise it of the terms of the plea agreement or why it was reached on the morning of trial, the trial court indicated that it would not accept the plea. The court stated:

> No. There won't be any pleas. What I will take right now is dismissal by the People or guilty on all charges. Only two things. Proceed with your first witness. That's why we have pretrial hearings on Friday, to make sure that this doesn't happen.

The trial proceeded and defendant was convicted on all counts.

At the sentencing hearing, an explanation was made to the trial court concerning a long train of plea negotiations that resulted in an agreement for a plea to reduced charges only on the morning of trial. A part of that process was defendant's agreement to waive his preliminary hearing based on an initial agreement to seek a plea agreement that would include drug rehabilitation for him.

Defendant contends that by rejecting the plea without considering its terms, the court abused its discretion. We agree.

Although plea bargaining is "an essential component of the administration of justice," the Supreme Court has made clear that defendants have "no absolute right to have a guilty plea accepted." Instead, the court has ruled that "[a] court may reject a plea in [the] exercise of sound judicial discretion." *Santobello v. New York*, 404 U.S. 257, 260, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 433 (1971); s ee also *People v. Birdsong*, 937 P.2d 877 (Colo.App.1996), rev'd on other grounds, 958 P.2d 1124 (Colo.1998)(trial court is not obligated to accept the parties' plea agreement).

A trial court's discretion to accept or reject a plea is provided for in § 16–7–302(3), C.R.S.1998, and in Crim. P. 11(f)(5), both of which provide that the court in every case should use independent judgment in determining whether to grant charging and sentencing concessions. However, neither the statute nor the rule provides guidance to trial courts as to how to exercise their discretion in determining whether to accept a plea bargain. In addition, neither this court nor the supreme court has explored the contours of a trial court's discretion to reject a defendant's plea of guilty.

Nevertheless, it is clear that the United States Supreme Court did not intend for courts to reject pleas on an arbitrary basis. Rather, as the Sixth Circuit Court of Appeals stated in *United States v. Moore*, 916 F.2d 1131, 1135 (6th Cir.1990): "[T]he authority to exercise discretion implies the responsibility to consider all relevant factors and rationally construct a decision."

Thus, a majority of courts that have considered this issue have determined that, while a defendant has no absolute right to have a guilty plea accepted, a court must definitively exercise the discretion it is given when determining whether to reject a plea. *See United States v. Robertson*, 45 F.3d 1423 (10th Cir.1995) (requiring district courts to set forth, on the record, the court's justification for rejecting a plea agreement); *United States v. Moore, supra*, 916 F.2d at 1135–36 ("[A] defendant is entitled to plead guilty unless the district court can articulate a sound reason for rejecting the plea.") *United States v. Miller*, 722 F.2d 562 (9th Cir.1983)(finding that categorical rules limiting plea bargains are impermissible, court held that, as a general rule, trial court must set forth on the record its reasons for rejecting a plea agreement); *United States v. Ammidown*, 497 F.2d 615, 622 (D.C.Cir.1972)("trial judge must provide a reasoned exercise of discretion in order to justify a departure from the course agreed on by prosecution and defense"); see also *United States v. Maddox*, 48 F.3d 555 (D.C.Cir.1995).

Indeed, our supreme court, in *People v. Jones*, 176 Colo. 61, 489 P.2d 596 (1971), stated that if a plea agreement is entered into and results in other charges being dismissed, the trial court should follow the procedures set forth in the American Bar Association Standards of Criminal Justice. These standards, with regard to pleas of guilty, provide in relevant part:

(a) The judge should not accept a plea of guilty or nolo contendere without first inquiring whether the parties have arrived at a plea agreement and, if there is one, requiring that its terms, conditions, and reasons be disclosed.

(b) If a plea agreement has been reached by the parties which contemplates the granting of charge or sentence concessions by the judge, the judge should:

. . .

(ii) *give the agreement due consideration,* but notwithstanding its existence reach an independent decision on whether to grant charge or sentence concessions. . . .

ABA, *Standards for Criminal Justice,* Standard 14–3.3 (2d ed. 1980 & Supp.1986)(emphasis added).

■ Accordingly, we hold that, in order to comply with both § 16–7–301, C.R.S.1998, and Crim. P. 11 when rejecting a plea agreement, a trial court must demonstrate on the record that it has actually exercised its discretion. Thus, a court's failure to make such showing is an abuse of discretion. *See Lamm v. Barber,* 192 Colo. 511, 565 P.2d 538 (1977)(court's failure to exercise discretion is, itself, an abuse of discretion).

■ Applying this rule to the present factual context, we find that the trial court abused its discretion by rejecting defendant's plea without duly considering the terms of the plea agreement. There is no indication that the court had proper reasons for rejecting, summarily, the plea bargain. Therefore, it appears that the court's sole reason for rejecting the plea bargain was that it was presented on the day of the trial.

■ While a trial court has considerable authority in managing its docket, scheduling concerns, even though of great importance to busy trial judges, are not sufficient by themselves to justify a rejection of a plea bargain. *See United States v. Robertson, supra* (abuse of discretion where plea was rejected for the sole reason that it was tendered to the court on the day of trial).

Thus, there are "limitations on the exercise of the trial court's discretion to reject a bargained plea [and] the blanket refusal to hear from either side concerning the proffered plea constitute[s] an abuse of discretion." Additionally, because the court here proceeded with the trial, defendant "was exposed to greater possible punishment than that which could have resulted from his guilty pleas." *Hockaday v. United States,* 359 A.2d 146, 148–149 (D.C.Ct.App.1976)(that trial had been under way for over 2 hours not adequate justification "for perfunctory denial of the prosecutor's prerogative to negotiate a plea bargain and the defendant's right to be heard thereon").

Because of the resolution of this appeal, we need not consider defendant's other contentions.

Accordingly, the cause is remanded with directions that the trial court give counsel for both parties the opportunity fully to articulate the plea agreement and for it then to consider the propriety of the proposed plea agreement and to make its ruling in accordance with the views expressed in this opinion. If, upon such consideration, the court accepts the agreement, the judgment and sentence should be vacated, a guilty plea entered, and sentencing imposed in accordance with the agreement. Otherwise, the cause should be recertified to this court for the consideration of the other issues on appeal.

Judge PLANK and Judge VOGT concur.