The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Jeffrey COPENHAVER, Defendant–
Appellant.

No. 99CA0905.

Colorado Court of Appeals,
Div. V.

Sept. 14, 2000.

Rehearing Denied Oct. 19, 2000.

Certiorari Denied March 19, 2001.

414

Ken Salazar, Attorney General, John J. Krause, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Thomas D. Silverman, P.C., Thomas D. Silverman, Julia Dawn Epps, Glenwood Springs, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Jeffrey Copenhaver, appeals a judgment of conviction entered upon a jury verdict finding him guilty of possession of a schedule II controlled substance (cocaine), possession of drug paraphernalia, driving under the influence, and driving under restraint. We affirm.

Defendant was identified by a witness as the driver of a truck involved in an accident. Police officers contacted defendant in the parking lot of his apartment complex. They subsequently entered his apartment and, while inside, observed a bindle of cocaine on the kitchen counter.

After charges were filed against him, defendant reached a plea agreement with the prosecution, but the trial court refused to accept it. Defendant then filed motions to suppress statements and evidence taken by the police. Following hearings on both motions, the trial court denied defendant's motion to suppress evidence, but did not rule on his motion to suppress statements. A jury trial was held, and defendant was convicted as charged.

## I.

Defendant contends that the trial court erred in denying his motion to suppress evidence seized during a warrantless search of his apartment. We do not agree.

■ Searches and seizures of private property must be reasonable. A warrantless search is presumptively unreasonable. The burden is on the prosecution to establish that the search falls within some clearly recognized exception to the warrant requirement. *People v. Kluhsman,* 980 P.2d 529 (Colo. 1999).

■ One such exception is the existence of exigent circumstances necessitating immediate police action. If the prosecution establishes both probable cause to support the search and exigent circumstances justifying the unauthorized entry, evidence discovered during a warrantless search is admissible. *People v. Kluhsman, supra.*

■ Exigent circumstances exist when there is a colorable claim of emergency threatening the life or safety of another. To invoke the emergency doctrine, there must be an immediate crisis and the probability that assistance will be helpful. *People v. Kluhsman, supra; People v. Harper,* 902 P.2d 842 (Colo.1995).

■ It is the function of the trial court, not the appellate court, to weigh the evidence and determine the credibility of witnesses. In reviewing a trial court's ruling on a motion to suppress, we give deference to that court's findings of fact. We may not substitute our judgment for that of the trial court unless its findings are clearly erroneous or not supported by the record. *People v. Mendoza–Balderama,* 981 P.2d 150 (Colo.1999).

■ Here, in denying defendant's motion to suppress evidence, the trial court made the following findings of fact:

> Mr. Copenhaver was contacted, the vehicle was found, there was blood in the vehicle, Mr. Copenhaver said he wasn't the driver, there was a driver's license or there was a document in the front seat which the officer could see that showed a driver's license pertaining to someone else, I think. And I think the vehicle was not Mr. Copenhaver's vehicle; it traced to someone else.
>
> So based upon that, the officers knocked on a door and entered to see if there was someone injured in that apartment. And in the course of looking for that injured person, the substance—whatever it was—was on the counter in the kitchen.

The court then concluded that the search of the apartment and the seizure of the cocaine were not unreasonable.

The testimony of the officers at the motions hearings supports the trial court's findings. The officers testified that they did not know how many people were in the truck at the time of the accident. Defendant had

denied that he was the driver. Upon looking inside the truck, the officers observed blood on the dash and on the steering wheel, as well as a driver's license belonging to another person. Defendant also had blood on him; however, the officers were concerned that there could be another injured party. They entered defendant's apartment building looking for an injured person, saw blood on the slightly open door to his apartment, called out, "Is anybody hurt?" and then followed a trail of blood through the apartment. They saw an open cocaine bindle on the kitchen counter.

On appeal, defendant does not assert that the bindle was not in plain view. Rather, he contends that the officers' stated concerns about an injured person were pretextual because they had to have known that there was only one person in the truck. Defendant points to evidence introduced at trial that supports that contention. However, based on the evidence that was before the trial court when it ruled on the suppression motion, we cannot conclude that its ruling was either clearly erroneous or unsupported by the record. Therefore, that ruling will not be disturbed on appeal. *See People v. Mendoza–Balderama, supra.*

## II.

Defendant next contends that he was denied due process by the trial court's failure to rule on his motion to suppress statements he made to police officers. We disagree.

Trial courts are to make timely rulings on motions to suppress and are to make findings that show the basis for their rulings. *See Barela v. People,* 826 P.2d 1249 (Colo. 1992); *People v. McIntyre,* 789 P.2d 1108 (Colo.1990). However, failure to do so may be harmless if there is no showing that the defendant's substantial rights were affected. *See* Crim. P. 52(a); *see also Barela v. People, supra* (rescheduling of trial necessitated by untimely suppression ruling did not amount to due process violation where defendant did not establish that rescheduling would hamper his defense, deprive him of witnesses or evidence, or otherwise prejudice him in any significant way).

In this case, the trial court announced at the conclusion of the hearing on defendant's motion that it would defer ruling until the next scheduled hearing. Although the issue of whether the court had ruled was brought up at various hearings prior to trial, the court does not appear to have ruled at any time on whether the statements would be admitted. At a pretrial conference at which the court inquired regarding outstanding motions, counsel for both sides stated that they thought the court had ruled the statements admissible; however, no such ruling is in the record.

On appeal, defendant does not identify any statements that were introduced at trial that should have been suppressed; nor does he explain why a ruling admitting the statements would have been error. Rather, he contends without elaboration that the lack of a ruling "prejudiced his ability to effectively proceed with his case by preventing the defense an opportunity to resolve any constitutional admissibility of prosecutorial evidence that could have a direct effect on trial strategy and by frustrating the prosecution and defense time to give adequate consideration to the feasibility of pursuing a plea agreement prior to trial."

In our view, this contention is insufficient, without more, to establish that his right to due process or any other substantial rights were violated because the court did not rule on his motion. Further, the contention is belied by his failure to ask for a ruling on the motion when the court indicated uncertainty about whether it had ruled.

Because defendant has not established that he was prejudiced by the lack of a ruling, the court's failure to rule was harmless error. *See* Crim. P. 52(a); *Barela v. People, supra.*

## III.

We also disagree with defendant's contention that the trial court abused its discretion in rejecting his plea agreement.

Whether to accept a plea agreement is a matter committed to the discretion of the trial court, which is to exercise independent judgment in deciding whether to accept or reject the agreement. Section 16–

7–302(3), C.R.S.2000; Crim. P. 11(f)(5). The court's reasons for rejecting such an agreement must be set forth on the record. *People v. Jasper*, 984 P.2d 1185 (Colo.App.1999) (*cert. granted*, March 27, 2000). Among the factors which a trial court may properly consider are the defendant's previous criminal history and any pre-plea report or recommendation. *See People v. McGhee*, 677 P.2d 419 (Colo.App.1983).

When presented with the proposed disposition for a deferred judgment and sentence on the cocaine charge, the trial court stated that it would not accept the disposition. After recounting defendant's criminal history, which consisted of various traffic offenses and a previous deferred judgment and sentence in connection with a theft charge, the court cited additional factors that led it to reject the plea agreement: (1) defendant had stated that he was pleading guilty because his attorney had advised him to do so; (2) his statement of the offense was "minimalistic;" (3) he tried to cover up his offense by stating that he had consumed alcohol after he stopped driving; and (4) the urine specimen he provided was diluted. The court later noted that it routinely rejected guilty pleas in which the defendant stated he was pleading guilty to get probation but did not commit the offense.

Contrary to defendant's contention, the factors considered by the trial court were appropriate. Defendant distinguishes this case from *People v. McGhee, supra*, on the basis that the probation officer in *McGhee* had not approved the plea agreement. However, while the probation officer here did endorse the agreement, he expressed reservations about it, stating:

> This officer endorses the proposed plea agreement with some reservations. This officer asked the defendant why he pled guilty to D.U.I. The defendant responded, "because my attorney advised me to." The defendant further indicated that he questioned the facts which were noted in the arrest report. Additionally, the defendant's drug test results indicated that the defendant's urine specimen was diluted making [it] difficult for the Probation Department to make an accurate assessment regarding the need for future treatment.

Because the trial court clearly exercised independent judgment in rejecting the plea agreement and set forth on the record its reasons for doing so, its ruling will not be set aside on appeal. *See People v. Jasper, supra.*

### IV.

■ Defendant next contends that the trial court erred in failing to order a mistrial after defense counsel raised a privileged attorney-client communication during his examination of defendant. Again, we do not agree.

■ Mistrial is a drastic remedy and is warranted only when the prejudice from a particular incident is so substantial that its effect on the jury cannot be remedied by any other means. The determination whether to declare a mistrial is committed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *People v. Burke*, 937 P.2d 886 (Colo.App.1996).

During redirect examination, defense counsel asked defendant about the date of a statement he had made regarding the cocaine found in his apartment, and then continued:

[Defense Counsel]: Do you recall when you hired me in this case?

[Defendant]: Sometime previous to that statement.

[Defense Counsel]: Do you recall going over the discovery with me—

[Defendant]: Yes, I do.

[Defense Counsel]:—for this case? Prior to this statement right?

[Defendant]: Much prior to this statement, yes.

[Defense Counsel]: And we discussed the amount of cocaine?

[Defendant]: Yes we did.

[Defense Counsel]: So does that now refresh your recollection?

At that point, the trial court excused the jury and indicated that it was considering a mistrial. The court asked both defense coun-

sel and defendant whether there was any intention to waive defendant's attorney-client privilege. Both said there was not. After a lengthy discussion, defense counsel and the prosecutor both stated that they did not want a mistrial. Defendant himself was questioned and stated that he wanted to go forward with the trial.

Upon further consideration of the issue, the trial court decided not to declare a mistrial. It directed defense counsel to move on to another topic, noted the prosecution's agreement not to exploit defendant's responses, recalled the jury, and instructed them to disregard the pre-recess colloquy. The prosecutor did not further question defendant and made no reference during closing argument to the colloquy.

Absent evidence to the contrary, we presume the jury followed the trial court's instruction and disregarded the testimony. *See People v. Ibarra*, 849 P.2d 33 (Colo.1993). Having taken appropriate steps to minimize prejudice to defendant, the trial court was not required to declare a mistrial, particularly where both defendant and his counsel indicated that they did not want a mistrial.

## V.

Defendant's final contention is that his conviction must be reversed because the trial court permitted the prosecutor to impeach him with his written statement submitted in support of the rejected plea agreement and with a letter from him to the court that was attached to his motion to continue the sentencing hearing. He also argues that the court should have held a hearing to determine the voluntariness and reliability of the statements before allowing them to be used. We are not persuaded.

 The scope and extent of cross-examination and the admissibility of evidence are matters that are generally committed to the sound discretion of the trial court. *See People v. Ibarra, supra; People v. Lesney*, 855 P.2d 1364 (Colo.1993).

Defendant argues on appeal, as he did at trial, that the statements were inadmissible under CRE 410, which provides in pertinent part:

[E]vidence of a plea of guilty, later withdrawn ... or of an offer to plead guilty ... or of statements made in any connection with any of the foregoing pleas or offers, is not admissible ... against the person who made the plea or offer. This rule shall not apply to the introduction of voluntary and reliable statements made in court on the record in connection with any of the foregoing pleas or offers ... where offered for impeachment purposes.

On its face, CRE 410 does not bar the use of statements within its scope for impeachment purposes where the statements are made in court on the record and are found to be voluntary and reliable. *See People v. Butler*, 929 P.2d 36 (Colo.App.1996).

 Statements are not necessarily involuntary simply because they are made in connection with a plea agreement. *People v. McCormick*, 881 P.2d 423 (Colo.App.1994).

Here, when defendant objected to the prosecutor's attempt to use the statements at issue for impeachment, the court excused the jury, heard arguments from both sides, and reviewed *People v. McCormick, supra.* Noting that the prosecutor had not attempted to use the statements in his case in chief, the court found that the CRE 410 requirements for use of the statements for impeachment had been met, and ruled that the prosecutor could use them for that purpose.

 Defendant did not contend in the trial court that either statement was involuntary or unreliable, nor did he request a hearing on these issues. Moreover, the record does not afford a basis for concluding that the voluntariness of the statements might be challenged. In these circumstances, the court was not required to hold a hearing on voluntariness *sua sponte. Cf. People v. Cole*, 195 Colo. 483, 584 P.2d 71 (1978)(defendant who challenges the voluntariness or reliability of statements sought to be used against him at trial for impeachment purposes is entitled to a hearing); *Whitman v. People*, 170 Colo. 189, 460 P.2d 767 (1969)(even absent an express objection by defendant to admission of a confession, trial court is required to conduct a hearing when it becomes evident that voluntariness is an issue).

Defendant did contend at trial, without citing any authority to support his contention, that the challenged statements were not

"on the record." The trial court disagreed, finding that the first statement was included in the court's file, was submitted in support of the parties' stipulation for a deferred judgment and defendant's petition to enter plea of guilty, and thus was a statement on the record. It later reached the same conclusion as to the letter attached to defendant's motion to continue the sentencing hearing scheduled in connection with the proposed plea disposition.

■ We agree with the trial court that defendant's statements were properly characterized as statements on the record for purposes of determining whether they could be used for impeachment.

Defendant cites language from *People v. Flores,* 902 P.2d 417, 420 (Colo.App.1994), characterizing statements in a letter as not made "in court or on the record," in support of a contrary conclusion. However, there is no indication in *Flores* that the letter at issue there, which contained an offer by a *pro se* defendant to plead *nolo contendere,* had been made part of the court's record. Rather, upon receipt of the letter, the court had turned it over to the prosecutor and had then permitted the prosecutor to use it as substantive evidence at trial. *Flores* does not stand for the proposition that a defendant's written statements tendered to the court in support of motions or other court documents and made part of the court record cannot be used for impeachment under CRE 410.

■ In his reply brief, defendant argues that the impeachment with the statements was not properly conducted. Because defendant did not raise this argument either in the trial court or in his opening brief, we decline to address it here. *See People v. Czemerynski,* 786 P.2d 1100 (Colo.1990).

The judgment is affirmed.

Judge RULAND and Judge PIERCE *, concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.