In re: Plaintiff: The PEOPLE
of the State of Colorado,

v.

Defendant: Sally DARLINGTON.

No. 04SA186.

Supreme Court of Colorado,
En Banc.

Jan. 24, 2005.

David Hoerber, Deputy District Attorney, Fifth Judicial District Eagle, for Plaintiff.

Carol L. Curtis, P.C., Carol L. Curtis, Avon, for Defendant.

KOURLIS, Justice.

In this original proceeding under C.A.R. 21, we issued a rule directing the People to show cause why the Eagle County Court did not exceed its jurisdiction when it ruled that section 18–1.3–102(1), C.R.S. (2004) precluded the defendant, Sally Darlington, from entering a plea of nolo contendere to a criminal mischief charge on a deferred sentence. We now hold that the statute does not contravene the court's authority to consider nolo contendere pleas in circumstances involving plea agreements that contemplate deferred sentences. Accordingly, we make the Rule absolute and return the case to the county court for further proceedings consistent with this opinion.

## I. Facts and Proceeding Below

On January 31, 2003, the defendant was charged with criminal mischief pursuant to section 18–4–501(1), C.R.S. (2004). The prosecution and Darlington entered into a written plea agreement pursuant to which Darlington would enter a plea of nolo contendere to misdemeanor criminal mischief subject to a two year deferred sentence, restitution in the amount of $360, and court costs and fines.

The parties presented the agreement to the Eagle County Court on May 15, 2004. The trial court refused to accept the plea on the basis that section 18–1.3–102(1), which deals with deferred sentencing, contains language that indicates it is triggered only by a guilty plea and not by a plea of nolo contendere. It is from this ruling that Darlington petitioned this court for relief under C.A.R. 21. Darlington argues that the trial court exceeded its jurisdiction by refusing to accept her plea of nolo contendere on the grounds that the statute does not permit it. The People do not object to allowing the defendant to enter a plea of nolo contendere in this case, and do not argue that the statute constrains the court in its consideration of such a plea.

## II. Relief Pursuant to C.A.R. 21

We first address the propriety of an original proceeding as a procedural device for

obtaining review of an order denying the defendant's nolo contendere plea.

Relief pursuant to C.A.R. 21 is an extraordinary remedy limited in purpose and in availability. *People v. Dist. Court,* 868 P.2d 400, 403 (Colo.1994); *Halaby, McCrea & Cross v. Hoffman,* 831 P.2d 902, 905 (Colo. 1992). The remedy may be sought "where the trial court has abused its discretion and where appellate remedy would not be adequate." *Id.* at 905. The granting of relief under C.A.R. 21 is entirely within this court's discretionary authority. *White v. Dist. Court,* 695 P.2d 1133, 1135 (Colo.1984); *Coquina Oil Corp. v. Dist. Court,* 623 P.2d 40, 41 (Colo.1981).

In the present case the Eagle County Court refused defendant's plea of nolo contendere to criminal mischief charges on deferred sentencing, requiring Darlington to enter a plea of guilty or proceed to trial. Under these circumstances we choose to exercise our discretion to address the issue presented.

### III. Acceptance of Plea Agreements

Plea bargaining is an inescapable part of the judicial process. *Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Colorado has recognized its propriety by statute. §§ 16–7–301 to –303, C.R.S. (2004). A defendant may plead guilty, not guilty, not guilty by reason of insanity, or with the consent of the court, nolo contendere. § 16–7–205, C.R.S. (2004); Crim. P. 11(a). In exchange for a guilty plea or plea of nolo contendere, the district attorney may agree to sentence concessions, dismissal of charges, favorable sentencing recommendations or deferment. § 16–7–302.

While a defendant has no absolute right to have a plea accepted, *Santobello,* 404 U.S. at 261, 92 S.Ct. 495, it is clear that trial courts cannot reject a plea on an arbitrary basis. *United States v. Delegal,* 678 F.2d 47,

50 (7th Cir.1982); *People v. Jasper,* 17 P.3d 807, 812 (Colo.2001) (*"Jasper II"*). Rather, the court may reject a plea only in the exercise of sound judicial discretion. *Santobello,* 404 U.S. at 262, 92 S.Ct. 495.

We have held that the trial court is directed to exercise "independent judgment in deciding whether to grant charge and sentence concessions" in compliance with section 16–7–302 and Crim. P. 11. *Jasper II,* 17 P.3d at 812. We have developed standards through our case law that guide the trial courts in the exercise of that discretion.[1] The trial court must consider all relevant factors and articulate the reasons for rejecting an agreement on the record. *See People v. Copenhaver,* 21 P.3d 413 (Colo.App.2000); *People v. Jasper,* 984 P.2d 1185, 1187 (Colo. App.1999) (*"Jasper I"*) *rev'd on other grounds* 17 P.3d 807 (Colo.2001). Furthermore, the court is to give the plea agreement due consideration before reaching a decision on whether to grant charging or sentencing concessions. *People v. Jones,* 176 Colo. 61, 70, 489 P.2d 596, 601 (1971); *see also ABA Standards of Criminal Justice Relating to Guilty Pleas* § 14–3.3 (1999).[2] Factors which the trial court may properly consider are timeliness of the plea agreement, the defendant's previous criminal history, and any pre-plea report or recommendation. *Copenhaver,* 21 P.3d at 417. Where the trial court clearly exercises independent judgment in rejecting the plea agreement and sets forth on the record its reasons for doing so, its ruling will not be set aside on appeal. *Id.* at 417. However, failure to exercise discretion is itself an abuse of discretion. *Jasper,* 984 P.2d at 1187.

### IV. Plea of Nolo Contendere to Deferred Sentence

At issue here is whether the trial judge properly exercised his discretion in holding that section 18–1.3–102(1) precludes the entry of a nolo contendere plea on a deferred

---

1. We have previously noted that the American Bar Association Standards for Criminal Justice vest the trial court with the discretion to accept or reject plea agreements but do not provide any criteria to guide the court in exercising that discretion. *People v. Jones,* 176 Colo. 61, 70, 489

P.2d 596, 601 (1971); *see also Jasper,* 17 P.3d at 812.

2. We note that a current member of our court, Justice Michael Bender, co-authored these Standards.

sentence. There is little case law discussing the acceptability of a nolo contendere plea, therefore, we begin by discussing the purpose and effect of the plea.

## A. Nolo Contendere Plea

■ A nolo contendere plea, also called a no contest plea or plea non vult contendere, literally means "I do not wish to contend." *Black's Law Dictionary* 1074 (8th ed.2004). Nolo contendere is a common law plea. *Hudson v. United States,* 272 U.S. 451, 453, 47 S.Ct. 127, 71 L.Ed. 347 (1926); *Young v. People,* 53 Colo. 251, 125 P. 117 (1912). In its early form, the plea was considered an implied confession of guilt entered only with leave of the court in light misdemeanors. K.A. Drechsler, Annotation, *Plea of nolo contendere or non vult contendere,* 152 A.L.R. 253 (2004). In modern usage, a plea of nolo contendere is considered substantially, though not technically, a plea of guilty acceptable for a variety of offenses. *Id.* at 256–57.

The plea serves a practical function in the administration of justice. *Id.* at 295. A defendant may wish to plead nolo contendere simply because she does not want to contest her guilt or innocence for personal reasons. *People v. Goodwin,* 41 Colo.App. 23, 25, 582 P.2d 1065, 1067 (1978). A plea of nolo contendere also allows the parties to avoid the expense and delay of trial. Furthermore, the defendant is able to avoid the notoriety and publicity of a trial, problems with lack of witnesses, limit the maximum penalty to which she would be exposed at trial, and avoid estoppel in a subsequent civil proceeding. Drechsler, *supra,* at 295.

Nolo pleas may also be referred to as "Alford" pleas, originating from the United States Supreme Court decision in *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). There, the Court held that a defendant could plead guilty while protesting his innocence—so long as his plea was constitutionally valid. *Alford,* 400 U.S. at 31, 91 S.Ct. 160; *see also* ABA Standards, *supra,* at § 14–1.1(a) commentary at 14. Thus, the nolo contendere plea may be a compromise plea that benefits both the defendant and the prosecutor.

## B. Effect of a Nolo Contendere Plea in Colorado

■ Over half of the states recognize the plea of nolo contendere. In Colorado, the defendant "may plead guilty, not guilty . . ., or with the consent of the court, nolo contendere." Crim. P. 11; *see also* § 16–7–205, C.R.S. (2004). We have held that, for the purpose of a criminal case, a plea of nolo contendere is fully equivalent to a plea of guilty. *See People v. Birdsong,* 958 P.2d 1124, 1127 (Colo.1998); *Jones,* 196 Colo. at 264, 584 P.2d at 84; *People v. Carpenter,* 709 P.2d 72, 73 (Colo.App.1985). The sole distinction we have made between a guilty plea and a plea of nolo contendere is that the latter gives the defendant the advantage of not being estopped from denying her fault in a civil action based upon the same facts. *Jones,* 196 Colo. at 264, 584 P.2d at 83. Where the defendant knowingly, voluntarily, and understandingly pleads nolo contendere she may be punished just as if she had entered a plea of guilty. *See Alford,* 400 U.S. at 36 n. 8, 91 S.Ct. 160; *Meier v. People,* 133 Colo. 338, 340, 296 P.2d 232, 233 (1956); *Young,* 53 Colo. at 253, 125 P. at 118. Therefore, there is no distinction between a plea of nolo contendere and a plea of guilty for sentencing purposes. *People v. Canino,* 181 Colo. 207, 210, 508 P.2d 1273, 1274 (1973); *see also* ABA Standards 14–1.1 commentary (judge may impose the same sentence as if defendant had pleaded guilty). Thus, we have allowed nolo contendere pleas liberally and have treated them as guilty pleas for all purposes.

Once the court has accepted the plea, it is equivalent to a plea of guilty and the court's power to punish is in *no way limited* except as provided by law. Drechsler, *supra,* at 277. We have not addressed the question of whether a nolo contendere plea is acceptable under the deferred sentencing statute. Therefore, we must now consider whether section 18–1.3–102 precludes the trial court from accepting a nolo plea where the defendant would be given the benefit of a deferred sentence.

## C. Section 18–1.3–102(1)

Colorado's deferred sentencing statute gives the trial court the power to defer sen-

tencing in a case for a period of years under certain conditions. The provision at issue provides:

In any case in which the defendant has entered a *plea of guilty,* the court accepting the plea has the power, with the written consent of the defendant and his or her attorney of record and the district attorney, to continue the case for a period not to exceed four years from the date of entry of a plea to a felony or two years from the date of entry of a plea to a misdemeanor, or petty offense, or traffic offense for the purpose of entering judgment and sentence *upon such plea of guilty;* except that such period may be extended for an additional time up to one hundred eighty days if the failure to pay restitution is the sole condition of supervision which has not been fulfilled.

§ 18–1.3–102(1) (emphasis added). Following satisfactory compliance for the duration of the supervision period, the plea may be withdrawn and the charge will be dismissed with prejudice. § 18–1.3–102(2).

■ The statute makes reference to a guilty plea, and we must determine whether that reference constrains the discretion of the trial court in accepting a different plea. Our primary task in construing a statute is to ascertain and give effect to the intent of the general assembly. *People v. Dist. Court,* 713 P.2d 918, 921 (Colo.1986). We first look to the language of the statute itself. Words are given their plain and ordinary meaning unless they have acquired a technical or particular meaning. § 2–4–101, C.R.S. (2004). If the clear intent of the legislature appears with reasonable certainty, we need not resort to other rules of statutory construction. *Dist. Court,* 713 P.2d at 921.

■ We find the language of the statute unambiguous. Where the defendant has entered a plea of guilty, the court has the power to impose a deferred sentence. However, we read the use of "plea of guilty" as a generic phrase; thus, the statute does not exclude a nolo contendere plea. We find support for this contention in the common

usage of the term as well as the traditional practice of our courts.

As discussed above, our case law has consistently treated a plea of nolo contendere as the full equivalent to a guilty plea for all purposes within the criminal justice system. *Black's Law Dictionary* defines "guilty" as "a plea of a criminal defendant who does not contest the charges." 727 (8th ed.2004). In this context, both a plea of guilty and nolo contendere would trigger the courts power to continue a sentence under section 18–1.3–102(1). Without discussion, our courts have often conceded such an arrangement. *See, e.g., People v. Marez,* 39 P.3d 1190 (Colo. 2002) (defendant pled nolo contendere to burglary and received a deferred judgment and sentence); *Jones,* 196 Colo. at 263, 584 P.2d at 82 (defendant pled nolo contendere to felony menacing charge, sentence and fine suspended); *Holdren v. People,* 168 Colo. 474, 452 P.2d 28 (1969) (allowing plea of nolo to a charge of taking indecent liberties with a child, court granted defendant probation under section 39–16–6(1), 3 C.R.S. (1963)[3]); *Gehl v. People,* 161 Colo. 535, 423 P.2d 332 (1967) (court accepted nolo contendere plea to grand larceny, suspended defendant's sentence pursuant to 39–16–6(1)); *People ex. rel. Atty. Gen. v. Edison,* 100 Colo. 574, 69 P.2d 246 (1937) (nolo contendere plea to perjury, court suspended sentence); *Young,* 53 Colo. at 252, 125 P. at 118 (after plea of nolo contendere court indefinitely postponed sentence retaining power to sentence defendant if he did not comply).

A number of jurisdictions explicitly allow deferred sentencing after acceptance of a nolo contendere plea. *See, e.g.,* Del.Code Ann. tit. 11, § 4218 (2004); Fla. Stat. Ch. 948.01 (2004); Haw.Rev.Stat. § 853–1 (2004); Mont.Code Ann. § 46–18–201 (2004); Okla. Stat. tit. 22, § 991c (2004). Further, other jurisdictions with statutes that do not make reference to nolo contendere pleas have also accepted nolo pleas and deferred sentencing. *See, e.g., People v. Mazurette,* 24 Cal.4th 789, 102 Cal.Rptr.2d 555, 14 P.3d 227 (2001) (nolo

---

3. Section 39–16–6, 3 C.R.S. (1963) gave the court with the power to place the defendant on probation after a nolo plea.

contendere plea to possession of methamphetamines resulted in deferred sentence); *Van Baale v. City of Des Moines,* 550 N.W.2d 153 (Iowa 1996) (nolo contendere to domestic abuse, deferred sentence imposed); *People v. Nevells,* 185 Neb. 58, 173 N.W.2d 395 (1970) (defendant pled nolo to grand larceny; sentence deferred); *Commonwealth v. Jackson,* 255 Va. 552, 499 S.E.2d 276 (1998) (defendant pled nolo to misdemeanor concealment of merchandise; deferred one year).

 Finally, permitting a nolo contendere plea on a deferred sentence is in accord with the legislative intent. Colorado's deferred sentencing statute was presumably enacted with the same legislative intent as section 18–1.3–101, C.R.S. (2004) the deferred prosecution statute: namely, to grant the court the power to impose alternative sentences benefiting the defendant where the interests of justice would be served. Under 18–1.3–101, the court may delay prosecution of a defendant for a probationary period, which, if completed satisfactorily, would require that the charges against the defendant be dismissed. *People v. Ybarra,* 190 Colo. 409, 547 P.2d 925 (1976). We have recognized that the defendant alone benefits from this procedure. *Id.* We now hold that the deferred sentencing statute serves much the same purpose. The primary distinction between deferred prosecution and deferred sentencing is that the court first makes a finding of guilt before placing the defendant under supervision. § 18–1.3–102(1). If the defendant successfully complies with the conditions of her supervision, the plea of guilty previously entered shall be withdrawn and the charges dismissed. § 18–1.3–102(2). Hence, both statutes are designed to provide an alternative in sentencing which confers a benefit solely upon the defendant.

We do not view the statute as directing judges to accept only guilty pleas in cases where deferred sentences are proposed. Rather, we view the legislative intent as more broadly directing the trial court to consider a stipulated sentence under the same exercise of discretion as would otherwise be applicable.

## V. Application

 In this case, the trial court declined to accept defendant's offered plea of nolo contendere solely on the grounds that the deferred sentencing statute does not explicitly reference such a plea.

The defendant here was charged with a single, minor offense. She agreed to pay restitution. There is nothing in the record, in the form of findings from the trial judge or otherwise, that would indicate that a plea of nolo contendere would be inappropriate in this circumstance. Since the court based its rejection of the plea on the language of the statute alone, and we have concluded that the statute does not prohibit such a plea, we reverse the court's order.

## VI. Conclusion

We determine that the statute does not preclude the trial court from accepting a nolo contendere plea, and we make the Rule absolute accordingly. We remand to the trial court to consider the plea in the exercise of its discretion.