23CA1913 Flow Formulas v Kulik Consulting 11-21-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1913
Jefferson County District Court No. 22CV30530
Honorable Christopher Rhamey, Judge

Flow Formulas, LLC, a Virginia limited liability company, Hannah Reese, Caleb Reese, Ryan Mehaffey, and Bill Hannah,

Plaintiffs-Appellees,

v.

Kulik Consulting LLC, a Virginia limited liability company,

Defendant-Appellant.

APPEAL DISMISSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE BROWN
Welling and Graham*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

Spencer Fane, LLP, Jeremy A. Moseley, Denver, Colorado, for Plaintiffs-Appellees

Leland Shafer, LLP, Thomas D. Leland, Maxwell N. Shafer, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1	Defendant, Kulik Consulting LLC, appeals the district court's order granting partial summary judgment in favor of plaintiffs and counterclaim defendants, Hannah Reese, Caleb Reese, and Ryan Mehaffey (collectively, the individual plaintiffs), and in favor of counterclaim defendants, Bill Hannah and RDM Business Solutions LLC (RDM).  Hannah Reese, Caleb Reese, Ryan Mehaffey, and Bill Hannah (collectively, the individual owners) are members of Flow Formulas, LLC.  Flow Formulas alone initiated this action against defendants and counterclaim plaintiffs, Robert Kulik and Kulik Consulting (collectively, the Kulik defendants).[1]  By stipulation several months later, the individual owners and RDM were joined as parties.[2]

---

[1] Kulik Consulting is owned by Robert Kulik, who is a named defendant to the claims asserted in the operative complaint and against whom partial summary judgment ultimately entered but who is not a party to this appeal.

[2] The individual plaintiffs were joined as plaintiffs and counterclaim defendants while Bill Hannah and RDM, which is owned by Ryan Mehaffey, were joined as "counterclaim defendants."  It is unclear how Hannah and RDM could be joined as "counterclaim defendants" without first being joined as plaintiffs; instead, it appears that they should have been joined as third-party defendants.  In addition, as best we can tell, Kulik asserted no claims against RDM, and RDM asserted no claims against any other party, so query whether RDM is a proper party to the underlying litigation.  RDM is not a party to this appeal.

¶ 2     After the individual owners and Kulik Consulting filed cross-motions for summary judgment, the district court entered an order granting partial summary judgment in favor of the individual owners.  Six months later, the court certified the partial summary judgment order as a final judgment for purposes of appeal under C.R.C.P. 54(b).  In doing so, the court confirmed that the partial summary judgment order resolved one claim in favor of the individual plaintiffs against the Kulik defendants, dismissed three other of the individual plaintiffs' claims as moot, and dismissed or denied twelve of the Kulik defendants' counterclaims against the individual owners.

¶ 3     On appeal, Kulik Consulting contends that (1) Flow Formulas lacked standing to bring the underlying civil suit; (2) the district court erred by granting partial summary judgment in favor of the individual owners; (3) the court erred by entering judgment on counterclaims that were not addressed in the cross-motions for summary judgment; and (4) the court erred by certifying its partial summary judgment order for immediate appeal under C.R.C.P. 54(b).  Because we agree with Kulik Consulting's last contention, we

dismiss the appeal and remand the case for further proceedings. As a result, we do not address the remaining contentions.

## I.  Background

¶ 4    Flow Formulas is a limited liability company formed under the Colorado Limited Liability Company Act.  *See* §§ 7-80-101 to -1101, C.R.S. 2024.  In 2020, Kulik Consulting joined Flow Formulas.[3] Beginning in April 2022, after disagreements arose between the individual plaintiffs and Kulik, Kulik Consulting sought to buy out the individual owners' interests pursuant to the company's operating agreement.  Each of the individual owners responded by offering to buy out Kulik Consulting's interest.  Ultimately, the parties refused to sell their respective interests.

¶ 5    In December 2022, Flow Formulas commenced the underlying lawsuit against the Kulik defendants.  The operative complaint asserts the following claims:

|    | Claim | Asserted By | Asserted Against |
|----|-------|-------------|------------------|
| 1. | Breach of Fiduciary Duty | Flow Formulas | Kulik defendants |

---

[3] Kulik denies that he is the alter ego of Kulik Consulting or that he was a member of Flow Formulas in an individual capacity.  This issue does not affect our disposition, and our reference to Kulik Consulting here is not binding on the district court on remand.

3

|  | Claim | Asserted By | Asserted Against |
|---|---|---|---|
| 2. | Intentional Interference with Athlete Promotional Contracts | Flow Formulas | Kulik defendants |
| 3. | Breach of the Operating Agreement | Flow Formulas | Kulik defendants |
| 4. | Conversion of Company Property | Flow Formulas | Kulik defendants |
| 5. | Declarations re: Kulik's Capital Account | Flow Formulas | Kulik defendants |
| 6. | Declaration that the Buy/Sell Provision Does Not Apply to Athlete Promotional Contracts | Flow Formulas | Kulik defendants |
| 7. | Breach of Duty of Loyalty | Flow Formulas | Kulik defendants |
| 8. | Declaration of the Ownership Sale that Kulik Must Make to Mehaffey, or Alternatively, to Another Owner Who Elected to Purchase His Interest | Individual Plaintiffs | Kulik defendants |
| 9. | Breach of the Operating Agreement with Mehaffey | Mehaffey | Kulik defendants |
| 10. | Breach of the Operating Agreement with Caleb Reese | Caleb Reese | Kulik defendants |
| 11. | Breach of the Operating Agreement with Hannah Reese | Hannah Reese | Kulik defendants |
| 12. | Breach of Duty of Loyalty to Other Owners | Individual Plaintiffs | Kulik defendants |

¶ 6    The Kulik defendants assert the following counterclaims:

|  | Counterclaim | Asserted By | Asserted Against |
|---|---|---|---|
| 1. | Declaratory Judgment Regarding Kulik Consulting's Offer to Purchase Mehaffey's Membership Interest and Mehaffey's Response | Kulik Consulting | Ryan Mehaffey |

| | Counterclaim | Asserted By | Asserted Against |
|---|---|---|---|
| 2. | Breach of the Operating Agreement | Kulik Consulting | Ryan Mehaffey |
| 3. | Equitable Remedy of Specific Performance | Kulik Consulting | Ryan Mehaffey |
| 4. | Declaratory Judgment Regarding Kulik Consulting's offer to Purchase Reese's Membership Interest and Reese's Response | Kulik Consulting | Caleb Reese |
| 5. | Breach of the Operating Agreement | Kulik Consulting | Caleb Reese |
| 6. | Equitable Remedy of Specific Performance | Kulik Consulting | Caleb Reese |
| 7. | Declaratory Judgment Regarding Kulik Consulting's offer to Purchase Reese's Membership Interest and Reese's Response | Kulik Consulting | Hannah Reese |
| 8. | Breach of the Operating Agreement | Kulik Consulting | Hannah Reese |
| 9. | Equitable Remedy of Specific Performance | Kulik Consulting | Hannah Reese |
| 10. | Declaratory Judgment Regarding Kulik Consulting's offer to Purchase Hannah's Membership Interest and Hannah's Response | Kulik Consulting | Bill Hannah |
| 11. | Breach of the Operating Agreement | Kulik Consulting | Bill Hannah |
| 12. | Equitable Remedy of Specific Performance | Kulik Consulting | Bill Hannah |
| 13. | Declaratory Judgment as to Value of Capital Account | Kulik Consulting | Individual Plaintiffs |
| 14. | Breach of the Operating Agreement [Including Failing to Adjust Kulik's Capital Account, | Kulik Consulting | Individual Plaintiffs |

|  | Counterclaim | Asserted By | Asserted Against |
|---|---|---|---|
|  | Mishandling Corporate Finances, and Failing to Transfer Membership Interests] |  |  |
| 15. | Breach of the Operating Agreement Article 5.4 | Kulik Consulting | Individual Plaintiffs |
| 16. | Breach of Fiduciary Duty | Kulik Consulting | Individual Plaintiffs |
| 17. | Fraud/Fraudulent Inducement (Pled in the Alternative) | Kulik defendants | Individual Plaintiffs |
| 18. | Unjust Enrichment (Pled in the Alternative) | Kulik defendants | Flow Formulas and Individual Plaintiffs |

¶ 7     In January 2023, the individual plaintiffs moved for partial summary judgment on their five claims (claims 8-12) against Kulik Consulting.[4]  Kulik Consulting simultaneously moved for partial summary judgment on six of its counterclaims (counterclaims 4-9) against Hannah Reese and Caleb Reese.  Kulik Consulting requested that the court certify its order under C.R.C.P. 54(b) "if the [c]ourt denies Kulik Consulting's request for partial summary judgment and specific performance" as to Hannah Reese and Caleb Reese.  On April 18, the district court "grant[ed]" the individual

---

[4] Although the individual plaintiffs asserted claims 8-12 against both Kulik and Kulik Consulting, apparently they sought summary judgment against only Kulik Consulting, and only Kulik Consulting responded to the motion.

6

owners' motion and "denie[d]" Kulik Consulting's motion. The court did not address Kulik Consulting's request for Rule 54(b) certification.

¶ 8    In July, Flow Formulas moved for partial summary judgment on claim 6 and the remaining counterclaims, arguing in part that the Kulik defendants could not demonstrate any damages given the court's partial summary judgment order. In response, the Kulik defendants argued that the partial summary judgment order was not a final judgment under C.R.C.P. 54(b) and could be reconsidered. Flow Formulas' motion is fully briefed and remains pending before the district court.

¶ 9    On October 25, the district court entered an "Order Certifying the Court's April 18th Ruling Under C.R.C.P. 54(b)." The court first noted that Kulik Consulting had requested that the court certify its order as a final judgment under Rule 54(b) if it "sided with" the individual plaintiffs. But "for reasons unknown . . . due to the transition between judicial officers in the case, [the court] did not certify its decision under C.R.C.P. 54(b)."[5] The court explained that

---

[5] The judge who entered the C.R.C.P. 54(b) certification was not the same judge who entered the partial summary judgment order.

> [t]he result of not certifying the prior ruling is that the subsequent filings on the second motion for summary judgment resemble two ships passing in the night; whereby both parties['] arguments are contingent on if the [c]ourt will exercise its discretion to revise that prior ruling. The [c]ourt feels it inappropriate to rule on the second summary judgment motion at this time because its failure to certify under C.R.C.P. 54(b) may have impacted the type, quality, and extent of argument submitted by the parties to their own prejudice. Further, the [c]ourt returning to re-evaluate the merits of its April 18th Order may substantially modify the parties['] positions as to nullify large segments of their second summary judgment motions. The [c]ourt believes the best way to remedy this error is to certify its April 18th order under C.R.C.P. 54(b), and then allow revised summary judgment filings in the wake of the Court of Appeals ruling.

¶ 10 The court clarified that, in its view, the partial summary judgment order had effectively disposed of the individual plaintiffs' claims 8-11 and the Kulik defendants' counterclaims 1-12. The court "granted" claim 8; "dismiss[ed] . . . for mootness" claims 9-11; "denied as moot" counterclaims 1, 4, 7, and 10; and "denied" counterclaims 2, 3, 5, 6, 8, 9, 11, and 12. As to each claim and counterclaim on which it entered judgment, the court stated,

8

without elaboration, that it saw no just reason for delaying entry of a final judgment on the claim.

¶ 11 Following the Rule 54(b) certification order, the status of the claims asserted in the complaint was as follows (with the resolved claims shaded in red and the still-pending claims shaded in green):

| Claim No. | Asserted By | Asserted Against | Claim Status |
|---|---|---|---|
| 1. | Flow Formulas | Kulik defendants | Pending |
| 2. | Flow Formulas | Kulik defendants | Pending |
| 3. | Flow Formulas | Kulik defendants | Pending |
| 4. | Flow Formulas | Kulik defendants | Pending |
| 5. | Flow Formulas | Kulik defendants | Pending |
| 6. | Flow Formulas | Kulik defendants | Pending |
| 7. | Flow Formulas | Kulik defendants | Pending |
| 8. | Individual Plaintiffs | Kulik defendants | Granted |
| 9. | Mehaffey | Kulik defendants | Dismissed as Moot |
| 10. | Caleb Reese | Kulik defendants | Dismissed as Moot |
| 11. | Hannah Reese | Kulik defendants | Dismissed as Moot |
| 12. | Individual Plaintiffs | Kulik defendants | Pending |

¶ 12 And the status of the counterclaims was as follows (with the resolved counterclaims shaded in red and the still-pending counterclaims shaded in green):

| CC No. | Asserted By | Asserted Against | Counterclaim Status |
|---|---|---|---|
| 1. | Kulik Consulting | Ryan Mehaffey | Denied as Moot |
| 2. | Kulik Consulting | Ryan Mehaffey | Denied |
| 3. | Kulik Consulting | Ryan Mehaffey | Denied |

| CC No. | Asserted By | Asserted Against | Counterclaim Status |
|---|---|---|---|
| 4. | Kulik Consulting | Caleb Reese | Denied as Moot |
| 5. | Kulik Consulting | Caleb Reese | Denied |
| 6. | Kulik Consulting | Caleb Reese | Denied |
| 7. | Kulik Consulting | Hannah Reese | Denied as Moot |
| 8. | Kulik Consulting | Hannah Reese | Denied |
| 9. | Kulik Consulting | Hannah Reese | Denied |
| 10. | Kulik Consulting | Bill Hannah | Denied as Moot |
| 11. | Kulik Consulting | Bill Hannah | Denied |
| 12. | Kulik Consulting | Bill Hannah | Denied |
| 13. | Kulik Consulting | Individual Plaintiffs | Pending |
| 14. | Kulik Consulting | Individual Plaintiffs | Pending |
| 15. | Kulik Consulting | Individual Plaintiffs | Pending |
| 16. | Kulik Consulting | Individual Plaintiffs | Pending |
| 17. | Kulik defendants | Individual Plaintiffs | Pending |
| 18. | Kulik defendants | Flow Formulas and Individual Plaintiffs | Pending |

## II.    Analysis

¶ 13    Kulik Consulting contends that the district court erroneously certified its partial summary judgment order as a final judgment for purposes of appeal under C.R.C.P. 54(b).  We agree.

### A.    Applicable Law and Standard of Review

¶ 14    This court only has jurisdiction over appeals from final judgments.  C.A.R. 1(a); § 13-4-102(1), C.R.S. 2024; *see Musick v.*

*Woznicki,* 136 P.3d 244, 249 (Colo. 2006). A final judgment "ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do except to execute the judgment." *Musick,* 136 P.3d at 249 (citation omitted).

¶ 15 However, Rule 54(b) creates an exception to the "universal requirement" that an entire case must be resolved by a final judgment. *E. Cherry Creek Valley Water & Sanitation Dist. v. Greeley Irrigation Co.,* 2015 CO 30M, ¶ 11. The rule provides, in relevant part, that

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

C.R.C.P. 54(b).

¶ 16 Our "jurisdiction to entertain the appeal of a judgment certified pursuant to Rule 54(b) depends upon a correct certification." *E. Cherry Creek Valley Water & Sanitation Dist.,* ¶ 12 (citing *Harding Glass Co. v. Jones,* 640 P.2d 1123, 1126 (Colo.

1982)).  Said simply, if the Rule 54(b) certification is not correct, we must dismiss the appeal for lack of jurisdiction.

¶ 17     A trial court may issue a Rule 54(b) certification only when three requirements are met: (1) the decision certified rules upon an entire claim for relief; (2) the decision certified is final in that it is an ultimate disposition of an individual claim; and (3) the court determines there is no just reason for delay in entry of a final judgment on the claim.  *Id.* at ¶ 11 (citing *Lytle v. Kite*, 728 P.2d 305, 308 (Colo. 1986)).

¶ 18     We review the first two requirements de novo, but "the third 'is committed to the trial court's sound judicial discretion.'"  *Wolf v. Brenneman*, 2024 CO 31, ¶ 16 (*Wolf I*) (quoting *Harding Glass Co.*, 640 P.2d at 1125-26).  Thus, we review a court's determination that there is "no just reason for delay" for an abuse of discretion.  *Id.* at ¶ 9.  A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law.  *Id.*; *Core-Mark Midcontinent Inc. v. Sonitrol Corp.*, 2016 COA 22, ¶ 49.

B. Kulik Consulting Could Not Invite an Erroneous C.R.C.P. 54(b) Certification

¶ 19    As a threshold matter, we reject the individual owners' contention that Kulik Consulting invited any alleged error by asking the court to certify its partial summary judgment order under C.R.C.P. 54(b).  True, the invited error doctrine applies narrowly to prevent a party from complaining on appeal of an error that the party invited or injected into the case.  *Horton v. Suthers*, 43 P.3d 611, 618 (Colo. 2002).  But the correctness of the Rule 54(b) certification is jurisdictional, *see Harding Glass Co.*, 640 P.2d at 1126, and a party cannot create jurisdiction where it does not exist, *see Nguyen v. Lai*, 2022 COA 141, ¶ 15 (Parties "cannot consent to, or waive, our jurisdiction over the matter when jurisdiction does not exist.  Nor can we confer jurisdiction upon ourselves.") (citations omitted).  Consequently, we conclude that Kulik Consulting could not invite an erroneous Rule 54(b) certification.

C. The District Court Erroneously Certified its Order Under C.R.C.P. 54(b)

¶ 20    There is no dispute that the decision the district court certified meets the first two requirements for C.R.C.P. 54(b) certification.  *See E. Cherry Creek Valley & Water Sanitation Dist.*, ¶ 11.  The

partial summary judgment order, when read in conjunction with the Rule 54(b) certification order, ruled on the entirety of claims 8-11 and counterclaims 1-12. The court "granted" claim 8 and "denied" or "dismissed" the balance of the claims and counterclaims. Thus, the decision ultimately disposed of those claims. *See id.*

¶ 21 But Kulik Consulting contends that the court erred with respect to the third requirement because it did not explain *why* certification was appropriate under the circumstances and procedural posture of the case. We agree that the court failed to explain why there was no just reason for delaying entry of a final judgment on the claims it certified. Instead, with respect to each claim or group of claims, the court simply repeated the language from the rule, noting that "there is no just reason for delay in entry of a final judgment on the claim" or that it "[saw] no just reason for delay."

¶ 22 We acknowledge that our role "is not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are juridically sound and supported by the record." *Wolf I,* ¶ 17 (quoting *Curtiss-Wright Corp.*

*v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980)).  But because the court failed to make findings of fact or articulate its rationale, and that rationale is not apparent from the record, we are unable to discern whether its determination is juridically sound and supported by the record or amounts to an abuse of discretion.  *See id.*; *see also DCP Midstream, LP v. Anadarko Petroleum Corp.*, 2013 CO 36, ¶ 37 (the trial court abused its discretion when it made no findings about the appropriate scope of discovery or any attempt to tailor discovery needs); *In re Marriage of Rozzi*, 190 P.3d 815, 822 (Colo. App. 2008) ("A trial court's order must contain findings of fact and conclusions of law sufficiently explicit to give an appellate court a clear understanding of the basis of its order and to enable the appellate court to determine the grounds upon which it rendered its decision." (citing *In re Marriage of Van Inwegen*, 757 P.2d 1118, 1121 (Colo. App. 1988))); *Ovation Plumbing Inc. v. Furton*, 33 P.3d 1221, 1226 (Colo. App. 2001) (the appellate court was unable to determine whether the trial court abused its discretion by denying an injunction when the court made no findings of fact to support its conclusion).

¶ 23 Reading the order in its entirety, it appears that the district court believed certification under C.R.C.P. 54(b) was appropriate because (1) Kulik Consulting requested certification; (2) the court did not know why the previous judicial officer had not already certified the partial summary judgment as final; and (3) resolution of the second motion for summary judgment filed by Flow Formulas depended on the disposition of the first motion for summary judgment. Although the court did not tether these reasons to its determination that there was no just reason for delay, we will consider whether they support the determination anyway.

¶ 24 The first two reasons suggest that the court based its determination regarding the propriety of certification on Kulik Consulting's request for certification or on what it presumed to be the previous judicial officer's intent to certify the order.[6] But the court actually entering the Rule 54(b) order must satisfy itself that certification is proper; it cannot abdicate that responsibility by acquiescing to a party's request or presuming that another judicial

---

[6] We note that the certifying judge presumed that the previous judge had mistakenly failed to certify the order, but it is equally, if not more, plausible that the previous judge determined certification was inappropriate.

officer simply forgot to certify the order. *See E. Cherry Creek Valley Water & Sanitation Dist.,* ¶ 11 (outlining the three requirements that a trial court must determine are met before certifying an order). By deferring to Kulik Consulting — which notably made no effort to explain why certification was appropriate — or the previous judicial officer, the court failed to exercise its own discretion, and "failure to exercise discretion is itself an abuse of discretion." *People v. Darlington,* 105 P.3d 230, 232 (Colo. 2005).

¶ 25    As to the third reason, our review of the record reveals that it is not a sound rationale for determining that there was no just reason for delaying entry of final judgment on claims 8-11 and counterclaims 1-12. The court noted that the parties' arguments in the second summary judgment briefing were "contingent on if the [c]ourt will exercise its discretion to revise" the partial summary judgment order. It explained that "returning to re-evaluate the merits of its [partial summary judgment order] may substantially modify the parties['] positions as to nullify large segments of their second summary judgment motions."

¶ 26    But the court did not explain whether or why it would be inclined to revisit the partial summary judgment order. None of the

parties asked the court to reconsider the order, and the court did not suggest that the order had been wrongly decided. But even if the court was hinting that reconsidering the order would be appropriate, it had the authority to do so. *See In re Bass*, 142 P.3d 1259, 1263 (Colo. 2006) (explaining that "[e]very ruling or order made in the progress of an on-going proceeding may be rescinded or modified during that proceeding upon proper grounds" (quoting *Broyles v. Fort Lyon Canal Co.*, 695 P.2d 1136, 1144 (Colo. 1985))).

¶ 27 Furthermore, the court did not explain why the issues raised in the second summary judgment motion depended on the court's resolution of claims 8-11 and counterclaims 1-12. Claim 8 asked the court to declare that Kulik Consulting must sell its membership interest in Flow Formulas to Mehaffey, or alternatively to another owner who elected to purchase his interest. Claims 9-11 generally asserted that Kulik Consulting breached the operating agreement with individual owners by refusing to sell its interest in Flow Formulas. And counterclaims 1-12 generally asserted that the individual owners breached the operating agreement by refusing to sell their interests in Flow Formulas to Kulik Consulting and by making improper elections to buy Kulik Consulting's interest.

18

¶ 28    The court "granted" claim 8 and "dismissed" or "denied" the rest of the claims and counterclaims. In so doing, the court effectively declared that each of the individual owners had made valid elections to purchase Kulik Consulting's interest in Flow Formulas, were not required to sell their interests to Kulik Consulting, and had not breached the operating agreement by declining to sell their interests. It also ordered Kulik Consulting to sell its interest to Mehaffey, who was the first individual plaintiff to make a valid election to purchase it.

¶ 29    But it is not readily apparent that the resolution of claim 6 or the remaining counterclaims addressed in the second motion for summary judgment depends on the partial summary judgment order.[7] For example, through claim 6, Flow Formulas seeks a declaration that the Kulik defendants cannot use the buy/sell provision of the operating agreement to purchase interests in Flow Formulas that had been acquired by athletes under separate promotional contracts. But the partial summary judgment order

---

[7] We also note that even if the district court had granted the second summary judgment motion, six claims would have remained unresolved.

did not address the interplay, if any, between Flow Formulas' operating agreement and the athletes' promotional contracts.

¶ 30     In addition, counterclaim 14 involves Kulik Consulting's claim that the individual plaintiffs breached the operating agreement by, among other things, mismanaging Flow Formulas' finances and "making up a phony reason to fire Mr. Kulik and to remove him from his contractually agreed-upon management role." Through counterclaim 15, Kulik Consulting claims that the individual plaintiffs took ultra vires action to retain a law firm and commence litigation against the Kulik defendants. Counterclaim 16 involves allegations that the individual plaintiffs breached their fiduciary duties by conspiring to eject Kulik Consulting from Flow Formulas and by self-dealing and comingling funds. And in counterclaim 18, the Kulik defendants assert that Flow Formulas and the individual plaintiffs have been unjustly enriched and should have to compensate Kulik for the services, money, and access he provided. But none of these issues were addressed or resolved in the partial summary judgment order.

¶ 31     Even if claim 6 and the remaining counterclaims implicated in the second motion for summary judgment depended on the partial

summary judgment order, the court did not explain why it made more sense to hold the second motion in abeyance while seeking review of the first order rather than resolving the second motion and then certifying *all* the resolved claims under C.R.C.P. 54(b). Perhaps the court wanted this court's advice on whether the previous judge correctly granted partial summary judgment in favor of the individual owners. But "a district court's desire to have an appellate court's views on the relevant issues before conducting a trial" will generally not be sufficient to sustain a Rule 54(b) certification. *Wolf v. Brenneman*, 2024 COA 71, ¶ 22 (*Wolf II*).

¶ 32    Under the facts and circumstances presented here, we conclude that the district court abused its discretion by concluding there was no just reason for delay and certifying the partial summary judgment order as final under C.R.C.P. 54(b). *See Wolf I*, ¶ 18*; Wolf II*, ¶ 22. Consequently, we lack jurisdiction to review the appeal. *E. Cherry Creek Valley Water & Sanitation Dist.*, ¶ 12.

### III.    Disposition

¶ 33    We dismiss the appeal and remand the case to the district court for further proceedings.

JUDGE WELLING and JUDGE GRAHAM concur.

21